O. ROCKWELL, plaintiff in error, *vs.* D. G. PROCTOR, defendant in error.

When a suit was instituted in a Justice-Court by the plaintiff against the defendant, as an inn-keeper, to recover the value of a lost overcoat, worth $30 00, which had been received by a negro then in charge of the hotel, and *officiating* therein as the servant of the inn-keeper during his absence, and deposited in the usual place of depositing the goods of the inn-keeper's guests, upon their arrival at the hotel: *Held*, that the Justice-Court had jurisdiction of the subject matter of the suit, and that the defendant was liable as an inn-keeper, to the plaintiff for the value of the lost overcoat, under the state of facts disclosed by the record in this case.

Inn-keepers.    Jurisdiction of Justice-Courts.    Decided by Judge GREEN.    Monroe Superior Court.    November Term, 1869.

Rockwell sued Proctor, in the Justice-Court, as an inn-keeper, for the value of an overcoat left at said inn, and lost. Proctor plead the general issue, and that he never, as said inn-keeper, had said coat.    The case was on the appeal.

ROCKWELL testified that he arrived at Forsyth, went to the hotel kept by Proctor, and was met in the reception room by a negro man, Guilford, who handed him the book in which guests registered their names.    No white person was present.    Rockwell registered his name and walked out.    He returned, and found no person but Guilford and a negro barber.    He asked Guilford where guests deposited their baggage or overcoats.    Guilford replied, " there, on those shelves." Rockwell pulled off his overcoat, and asked Guilford and the

barber if it would be safe there, and they both said it would. He left his overcoat on said shelves, and again went out on business. When he returned, his overcoat was gone. He enquired for defendant, was told he was at his store in a different part of town, went to see him, and asked payment for the overcoat. Proctor refused to pay him. He said his overcoat was worth $30 00, that its price was $45 00; but he paid only $40 00 for it. He showed by another witness that Proctor had been keeping an hotel in said house since December, 1861.

Plaintiff closed. Defendant's attorney moved to dismiss the cause because it was a suit for damages, and not for a trespass, and, therefore, the Justice-Court had no jurisdiction. The Court overruled the motion, upon the ground that it came too late, as the general issue had been plead, and no plea to the jurisdiction had been filed at the first term.

PROCTOR then testified that said reception room was a part of his hotel, but that his habit was to take the baggage of guests to a private room, and lock it up ; that his son, who usually attended to the hotel, was, that day, absent, in the country, on business, and that he was at his store; that Guilford was employed by him as a wagoner, and not to keep the hotel, and said barber had nothing to do with the hotel. He further said that Rockwell told him his overcoat cost him $50 00.

The jury gave a verdict for the plaintiff for $30 00 and costs. Proctor's attorney sued out a *certiorari*, alleging that the Justice erred in not dismissing said cause, and that the verdict was contrary to law, and without evidence to support it. The Court sustained the *certiorari* on both grounds, and this is assigned as error.

JAMES S. PINCKARD, for plaintiff in error.

A. D. HAMMOND, (by the Reporter,) for defendant.

Rockwell vs. Proctor.

WARNER, J.

This was an action instituted by the plaintiff in a Justice-Court against the defendant, as an inn-keeper, to recover the value of a lost overcoat, proven to be worth $30 00. The case was brought before the Superior Court by writ of *certiorari*, alleging that the Justice-Court erred in not dismiss-ing the case for want of jurisdiction, and that the verdict was contrary to law, and without evidence to support it. The Superior Court sustained the *certiorari* on both grounds, which decision of the Superior Court is assigned for error here.

This was not an action of *trespass* but an action upon the *implied contract* of the inn-keeper. There is always, in law, an *implied contract* with a common inn-keeper, to secure his guests' goods in his inn : 3rd Bl. Com., 164. Private duties may arise, either from statute, or flow from relations created by contract, express or *implied*. The violation of any such specific duty, accompanied with damages, gives a right of action. When a transaction partakes of the nature both of a tort and a contract, the party plaintiff may *waive* the one, and rely solely upon the other : Revised Code, secs. 2903–2904. The Justice-Court had jurisdiction of the subject matter of the suit in this case, the more especially as the defendant plead to the merits of the action, without except-ing to the jurisdiction of the Court : Code, 3409.

An inn-keeper is bound to extraordinary diligence in pre-serving the property of his guests entrusted to his care, and is liable for the same if stolen, when the guests have com-plied with all reasonable rules of the inn : Code, 2091. It is not necessary to show actual delivery to the inn-keeper ; depositing the goods in a public room set apart for such articles, is a delivery to the inn-keeper : Code, 2092 ; *Sas-seen & Whitaker vs. Clark*, 37 *Ga. R.*, 242. The overcoat was deposited on the shelf in the hotel, as directed by the person in charge thereof by the permission of the inn-keeper, during his absence. It was the duty of the inn-keeper, either by himself, or competent servants or agents, to take

charge of the goods of his guests, and if he allowed persons to officiate in that capacity, during his absence, in his hotel, he is responsible for their conduct, and for the loss of the goods deposited therein as directed by such servants or agents; and it is no sufficient answer for the inn-keeper to say, after the goods are lost, that the persons whom he *permitted to officiate* in that capacity, during his absence, were not *his* servants or agents. In our judgment, the verdict of the jury in the Justice-Court was right, under the law and facts of the case, and that the Court below erred in sustaining the *certiorari*.

Let the judgment of the Court below be reversed.