### FREY, executor, *v.* MACON SASH, DOOR & LUMBER CO.

1. A new trial will not be granted because of the refusal of the trial judge to allow witnesses to testify that in doing a certain act they had followed certain printed instructions, when it appears that the printed instructions were introduced in evidence and the witnesses allowed to testify as to exactly what they had done.   Even if the evidence rejected was admissible, the error was cured by the evidence allowed.

2. In deciding whether error was committed in admitting evidence over objection, reasons why such evidence was inadmissible can not be considered unless it appears that such reasons were presented to the trial judge when the evidence was offered and objected to.

3. The evidence was sufficient to warrant the verdict, and the trial judge did not err in refusing a new trial.

Argued November 2, — Decided November 27, 1900.

Complaint.   Before Judge Clark.   City court of Forsyth. January term, 1900.

*Robert L. Berner,* for plaintiff in error.
*Bloodworth & Rutherford,* contra.

SIMMONS, C. J. It appears from the record that the Macon Sash, Door and Lumber Company sold to Mrs. Wilder a certain quantity of " aluminite" to be used in plastering her house. Some time later she gave her promissory note in payment. When the aluminite was delivered, the vendors furnished the vendee certain printed instructions as to how the aluminite should be made up and applied. Mrs. Wilder died, and her executor refused to pay the note. The company thereupon brought suit against him. He pleaded a total failure of consideration, in that the aluminite had proved utterly worthless for the purposes for which it was purchased. At the trial the defendant introduced two witnesses, who testified that they had mixed the aluminite in question and had applied it to the walls and ceilings of the house. The defendant also offered to prove by them that in preparing and applying the aluminite they had exactly followed the printed instructions given by the vendor. Upon objection the court refused to allow this testimony. After the evidence and argument were concluded and the court had charged the jury, the latter retired and returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled by the court. To this ruling the defendant excepted.

1. The plaintiff appears to have sent with the aluminite certain printed instructions or directions as to how it should be made up and applied. When the witnesses were asked generally as to whether they had followed these directions, the court rejected their evidence. It seems to us that this ruling was correct. The testimony sought to be introduced would have been merely an opinion without showing the facts upon which it was based. However that may be, it appears that subsequently the printed instructions were introduced and read in evidence, and the witnesses asked as to how they had mixed and applied the aluminite, and allowed to state the exact manner in which they had prepared and used it. This evidence covered everything that would have been covered by the evidence rejected, and the defendant could not have been hurt by the substitution of the evidence allowed for that rejected. We think, therefore, that, even if the exclusion of the opinions was erroneous, the subsequent evidence fully cured the error.

2. Another ground of the motion for new trial complained that the court admitted certain evidence over the objection of the defendant, but the ground failed to state what objection was made at

the time. It is true that, in making the motion for new trial, reasons were assigned why the evidence was inadmissible; but, as has been frequently held, this court can not consider such reasons where it does not appear that they were presented to the trial judge at the time the evidence was offered.

3. The evidence was sufficient to warrant the finding of the jury, and the judge did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All concurring, except Lewis, J., absent.*