## OWENS *v.* NICHOLS.

1. In an action for damages founded on tort, it is no defense that the injury was caused while the defendant was acting in performance of a duty as agent of a firm of which the plaintiff was a member, if negligence of the defendant amounting to misfeasance produced the injury. One phase of the evidence presented such a case; and it was erroneous to instruct the jury to the effect that the plaintiff could not recover if the contract for service was not with the defendant but with the firm, and if the plaintiff was a member of that firm.
2. In such an action it was erroneous to admit in evidence a newspaper advertisement of the business of the firm, and the contract between the partners, over the objection that the evidence was irrelevant.
3. There was evidence to authorize a charge on the subject of accident.
4. It is proper to so charge the jury as to restrict the recovery to the grounds of negligence alleged in the petition.
5. A ground of a motion for new trial must be complete within itself. Where complaint is made of refusal of the judge to admit in evidence the opinion of a non-expert witness, the facts upon which the opinion is based should be set out in the ground of the motion.
6. Testimony that the defendant had had a great deal of experience with horses was not wholly irrelevant.
7. Under the particular facts of the case the remark of the judge, "Sustain the facts of this case," addressed to counsel while they were engaged in a colloquy in regard to the admissibility of evidence, was not calculated to injure the plaintiff.

FEBRUARY 14, 1913.

Action for damages. Before D. W. Blair, judge pro hac vice. Cobb superior court. December 9, 1911.

*Gober & Griffin,* for plaintiff.

*J. J. Northcutt* and *J. E. Mozley,* for defendant.

ATKINSON, J. In an action for damages flowing from an injury to the plaintiff's property, the petition alleged that the defendant held himself out to the public as skilled in a particular business in which he was engaged. In the course of such business he received the plaintiff's property and undertook to deal with it in a manner beneficial to the plaintiff, but not injurious to the property. After receiving the property the defendant undertook to perform the duty, but it was in a negligent and unskillful manner, and thereby caused the injury. The defendant denied the material allegations of the petition, and set up that the business in which he was engaged was that of a copartnership of which the plaintiff was a member, and that the defendant's relation thereto was merely in a representative capacity; and thereupon he denied individual

liability, if any liability existed. On the trial the evidence was conflicting concerning the manner of the performance of the duty. While on the stand as a witness in his own favor, the plaintiff admitted that he was a member of the firm which conducted the business, and that he participated in the selection of the defendant to manage it, and that each of the owners was to pay him a stated monthly sum as wages. The jury returned a verdict in favor of the defendant. The plaintiff moved for new trial, and excepted to the judgment overruling it.

1. One ground of the motion for new trial complained of the charge: "I charge you further, gentlemen, that if, as contended by the defendant, the contract for service was not with the defendant but with this partnership, and also that the plaintiff was a member of that partnership, the plaintiff would not be entitled to recover in this case." One criticism of this charge was to the effect that inasmuch as the suit was against the defendant as for a tort committed by himself, it would be immaterial whether the contract was made with the defendant or with the partnership. The charge complained of proceeded on the theory that the fact that the defendant acted in a representative capacity for a firm of which plaintiff was a member would relieve him from personal liability. Whether such relation would bring about such result would depend on the nature of plaintiff's cause of action. In *Wolff* v. *Southern R. Co.,* 130 *Ga.* 256 (60 S. E. 569), it was said: "Our Civil Code, § 3807, declares a tort to be a 'legal wrong committed upon the person or property independent of contract;' and that such legal wrong may be 'The violation of some private obligation by which damage accrues to the individual.' The 'private obligation' here referred to evidently means a private duty arising either from law or from a relation created by contract express or implied. Civil Code, § 3810. It is well recognized that a tort may result from the violation of a duty which is itself the consequence of a contract (see Civil Code, § 3812), or, as expressed in *City etc. Railway* v. *Brauss,* 70 *Ga.* 368: 'If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded upon a contract. In such a case the liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty.' " It is unnecessary to go further to demon-

strate that the act complained of was a tort arising from breach of
duty, although the duty might have been created by contract. In
the case of *Southern R. Co.* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244,
110 Am. St. R. 191), it was ruled: "The act of a railroad en-
gineer in running a train over a public-road crossing in violation
of the requirements of the blow-post law is not a mere nonfeasance
of the agent, but is a misfeasance which renders him individually
liable to the person injured as a result of such conduct." In the
course of the opinion it was said: "An agent is not ordinarily
liable to third persons for nonfeasance. *Kimbrough* v. *Boswell,*
119 *Ga.* 201 [45 S. E. 977]. An agent is, however, liable to third
persons for misfeasance. Nonfeasance is the total omission or fail-
ure of the agent to enter upon the performance of some distinct
duty or undertaking which he has agreed with his principal to do.
Misfeasance means the improper doing of an act which the agent
might lawfully do; or, in other words, it is the performing of his
duty to his principal in such a manner as to infringe upon the
rights and privileges of third persons. Where an agent fails to
use reasonable care or diligence in the performance of his duty, he
will be personally responsible to a third person who is injured by
such misfeasance. The agent's liability in such cases is not based
upon the ground of his agency, but upon the ground that he is a
wrong-doer, and as such he is responsible for any injury he may
cause. When once he enters upon the performance of his contract
with his principal, and in doing so omits, or fails to take reasonable
care in the commission of, some act which he should do in its per-
formance, whereby some third person is injured, he is responsible
therefor to the same extent as if he had committed the wrong in
his own behalf. See 2 Clark & Skyles on Agency, 1297 et seq.
Misfeasance may involve also to some extent the idea of not doing;
as where an agent engaged in the performance of his undertaking
does not do something which it is his duty to do under the cir-
cumstances, or does not take that precaution or does not exercise
that care which a due regard to the rights of others requires. All
this is not doing, but it is not the not doing of that which is
imposed upon the agent merely by virtue of his relation, but of
that which is imposed upon him by law as a responsible individual
in common with all other members of society. It is the same not
doing which constitutes actionable negligence in any relation.

Mechem on Ag. § 572. As was said by Gray, C. J., in Osborne *v.* Morgan, 130 Mass. 102 (39 Am. Rep. 439) : 'If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third .persons which may be the natural consequence of his acts; and he can not, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance or doing nothing, but it is a misfeasance, doing improperly.' In that case the agent was held liable by the fall of a tackle-block and chains from an iron rail suspended from the ceiling of a room, which fell for the reason that the agent had suffered them to remain in such a manner and so unprotected that they fell upon and injured the plaintiff. In Bell *v.* Josselyn, 3 Gray, 309 (63 Am. Dec. 742), Metcalf, J., said: 'Assuming that he was a mere agent, yet the injury for which this action was brought was not caused by his nonfeasance, but by his misfeasance. Nonfeasance is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do. . . The defendant's omission to examine the state of the pipes, . . before causing the water to be let on, was a nonfeasance. But if he had not caused the water to be let on, that nonfeasance would not have injured the plaintiff.' "

In *Baker* v. *Davis,* 127 *Ga.* 649 (57 S. E. 62), it was said: "A person who wrongfully enters upon land and proceeds to cut timber thereon is a trespasser, and subject to be sued as such, whether he is acting for himself or is agent for another. If he commits such trespass by the direction of another as his principal, both may be sued as joint wrong-doers. In such a case an action for damages against both as trespassers may be brought in the county of the residence of either." In *Wadley* v. *Dooly,* 138 *Ga.* 275 (75 S. E. 153), it was said: "An agent is personally responsible for his own tortious act. Civil Code, § 3613." The foregoing decisions deal with cases where third persons were injuriously affected, but on principle the agent is also liable to his master for misfeasance. In *Georgia Southern &c. R. Co.* v. *Jossey,* 105 *Ga.* 271 (31 S. E. 179), it was held: "When a baggage-master on a railroad train has been intrusted with a trunk to be delivered to the company's agent at a

certain station on its road, and negligently carries the same beyond this point and delivers it, in the exercise of his own discretion and without authority of the company, to its agent at another station to be returned to the proper place, such baggage-master is liable to the company for the loss it sustained in consequence of the trunk being stolen from the custody of such agent." In the course of the opinion application was made of the following quotation from Story on Agency: "Wherever an agent violates his duties or obligations to his principal, whether it be by exceeding his authority or by positive misconduct, or by mere negligence or omission in the proper functions of his agency, or in any other manner, and any loss or damage thereby falls on his principal, he is responsible therefor, and bound to make a full indemnity. In such cases, it is wholly immaterial whether the loss or damage be direct to the property of the principal, or whether it arises from the compensation or reparation which he has been obliged to make to third persons in discharge of his liability to them for the acts or omissions of his agent. The loss or damage need not be directly or immediately caused by the act which is done, or is omitted to be done. It will be sufficient if it be fairly attributable to it, as a natural result, or a just consequence." In the case under consideration the thing complained of was performance of a duty owed to plaintiff, in a negligent manner. Although the defendant was acting in a representative capacity in dealing with plaintiff's property, if in the discharge of that duty he allowed the property to be injured by reason of his negligence, the injury would be attributable to misfeasance, and he would be liable to plaintiff for the damage sustained. The fact that in managing the business the defendant was acting as agent for a firm of which the plaintiff was a member would not change the result. Under such circumstances, the defendant being sued for a tort which he committed, it was immaterial that the tort arose by breach of duty imposed by a contract between the plaintiff and the partnership; and the charge of the court complained of was erroneous.

2. In view of what is stated in the preceding division, it was erroneous to admit in evidence a newspaper advertisement concerning the business, and the contract of copartnership between the owners of the business, over the objection that the evidence was irrelevant.

3-7.   The rulings announced in headnotes 3 to 7, inclusive, do not require elaboration.

*Judgment reversed.   All the Justices concur.*