## MILLER *v.* BEN H. FLETCHER COMPANY.

ATKINSON, J. The bill of exceptions assigns error upon a judgment over-ruling a demurrer to the original petition as amended. The action was by Ben H. Fletcher Company, alleged to be a corporation, against J. E. Miller & Company, alleged to be a firm name and style under which J. E. Miller conducted the business of a public blacksmith-shop for hire, where he was accustomed to shoe horses and mules for his customers. Other allegations were, that on a named day the plaintiff, being the owner of a described mule "of the market value of $300 or other large sum," delivered her into the possession of the defendant, who received her for the purpose of shoeing her hind feet; that the mule was well broken, gentle, and sound; and "that notwithstanding the legal duty imposed upon defendant as a keeper of a public blacksmith-shop to exercise due and ordinary care in discharging the work of shoeing horses and mules, yet, in breach of said legal duty as bailee, he [defendant] conducted said work, through himself, his servants and agents, so as to cause said mule to be thrown down or fall while being shod, thereby killing the same while in the possession of said defendant for the purpose of being shod, and to become a total loss to petitioner, and to his damage five hundred dollars or other large sum." The last paragraph of the petition con-tained a prayer for judgment against the defendant "for the sum of five hundred dollars, his damages aforesaid," and that process issue com-manding defendant to appear at the August term of court "to answer this action for damages." The demurrer was on general grounds, and on the following special grounds: " (a) Because the petition does not allege any specific act of negligence. (b) Because the petition as amended does not allege in what negligent way the petitioner's mule was being shod; no act of negligence being set out. (c) Because the petition as amended fails to allege any specific fact or facts or acts of negligence or act of negligence sufficiently definitely to put this defendant on notice to enable him to make his defense. (d) Because no fact or facts of a wrongful or negligent character are sufficiently definitely set out, and no specific tortious act is alleged, and no definite tortious act or omission is alleged, and it is not alleged in what way or manner or in what re-spect defendant was wanting in proper care and diligence in and about shoeing the mule. (e) Because the amendment changes and adds a new cause of action." *Held:*

1. The assignment of error based on the judgment overruling so much of the demurrer as complained that the amendment set forth a new cause of action was not referred to in the brief of counsel for the plaintiff in error, and will be treated as abandoned.

2. When the petition is considered in its entirety, the action is ex delicto, founded on a breach of duty springing from a violation of the contract of bailment. *Owens* v. *Nichols*, 139 *Ga*. 475 (77 S. E. 635); *Rushin* v. *Central Railway Co.*, 128 *Ga*. 726 (58 S. E. 357).

3. The petition contained allegations sufficient to show a contract of bailment for the purpose of having work performed on the thing bailed. The contract was of such a character as to raise a duty upon the part of the bailee to exercise ordinary care for the safety of the animal while in possession of the bailee, and employment of skill in performance of the work. Civil Code, §§ 3487, 3488; Story on Bailments (9th ed.), § 431. The petition also, in substance, alleged a breach of the duty by failure of the bailee to exercise ordinary care in carrying out the object of the bailment, and damages flowing to the bailor as a result. The petition was sufficient, without regard to the necessity of setting forth special acts of negligence, to withstand a general demurrer. *Stewart* v. *Greene*, 124 *Ga*. 975 (53 S. E. 450). See also *Hudgins* v. *Coca Cola Bottling Company*, 122 *Ga*. 695 (50 S. E. 974).

4. The case of *Stewart* v. *Greene*, supra, was an action ex delicto for injury to property caused by a breach of duty of a bailee with respect to his care and management thereof, and was decided on demurrer. Under the ruling there made, it is necessary, in a case of the character above mentioned, to allege in the petition the particular acts of negligence relied on for recovery, when called for by appropriate special demurrer.

(a) The ruling in *Louisville & Nashville Railroad Co.* v. *Warfield*, 129 *Ga*. 473 (59 S. E. 234), that in an action ex delicto against a common carrier, for injury to the subject-matter of the contract of bailment, special acts of negligence need not be alleged, is not applicable to the case under consideration. The decision referred to was based on the character of the bailment, which imposed an absolute duty upon the carrier, and which does not exist in bailments of the character involved in the present action.

5. The allegation that the defendant, as bailee, conducted the work, by himself, his servants and agents, "so as to cause said mule to be thrown down or fall while being shod, thereby killing" her, when considered in connection with all of the other allegations of the petition (one of which was, in substance, that in performing the work the defendant, his servants and agents, violated his legal duty to exercise ordinary care), amounted to an allegation of a specific act of negligence arising from misfeasance. See *Owens* v. *Nichols*, supra. It was the equivalent of alleging that it was negligence for the animal to be thrown down while being shod, and that the defendant, his agents and servants, committed such an act of negligence as to cause the death of the mule, resulting in its total loss to the plaintiff. So construed, the petition was not subject to any of the grounds of special demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 13, 1914.

Action for damages. Before Judge Gilbert. Muscogee superior court. October 24, 1913.

*A. W. Cozart,* for plaintiff in error.
*Hatcher & Hatcher,* contra.