## 9065. FAIN *v.* WILKERSON.

JENKINS, J. 1. A contract founded upon a consideration, whereby goods are intrusted to another for the execution of a special purpose, after which they are to be returned to the one making the delivery, constitutes the person receiving them a bailee for hire. Civil Code (1910), § 3467; *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717).

2. "A tort is a legal wrong committed upon the person or property, independent of contract;" it may, however, arise from "the violation of some private obligation by which damage accrues to the individual."
   13

Civil Code (1910), § 4403 (3). Thus, where the contractual relation of bailor and bailee exists between parties, whereby a duty is imposed by law upon the bailee as being incident to and arising out of the contract of bailment, the complainant setting up a breach of the duty may elect as to his remedy, and rely upon either his right under the contract or proceed for damages as in a case of tort. Civil Code (1910), § 4407; *Miller* v. *Ben H. Fletcher Co.*, 142 *Ga.* 668 (83 S. E. 521); *DeLoach Mill Co.* v. *Standard Sawmill Co.*, 125 *Ga.* 377 (54 S. E. 157); *Owens* v. *Nichols*, 139 *Ga.* 475, 476 (77 S. E. 635); *Carr* v. *Southern Railway Co.*, 12 *Ga. App.* 830 (79 S. E. 41). But it is not every breach of contract that gives a cause of action in tort; and so, where the breach complained of is simply the neglect of a duty such as is expressly provided for by the contract itself, the action will be construed and treated as one brought ex contractu. *Howard* v. *Central Ry. Co.*, 9 *Ga. App.* 617, 619 (71 S. E. 1017).

3. A bailee for hire is chargeable with the duty of ordinary diligence, and where such a bailee is sued for the value of property, the loss of which it is alleged was occasioned by his negligent failure to perform a duty expressly imposed by the terms of the bailment, and the loss of the property is made to appear, the burden is upon him to show that such degree of care has been exercised. Civil Code (1910), § 3469. But, since the petition in this case absolves the defendant from any lack of diligence in protecting and keeping safely the goods bailed, except as to the specific complaint setting up the total failure on his part to perform the special duty imposed by the contract, and since the neglect of this duty could not naturally and in the usual course of things occasion the damage complained of, it was not error on the part of the trial judge to dismiss the suit as failing to set forth a cause of action. Civil Code (1910), § 4395; *Montgomery* v. *Alexander Lumber Co.*, 140 *Ga.* 51 (3) (78 S. E. 413).

Judgment affirmed. <em>Wade, C. J., and Luke, J., concur.</em>

DECIDED APRIL 11, 1918.

Action for damages; from Floyd superior court—Judge Wright. July 11, 1917.

The petition alleges delivery by plaintiff of certain household effects to the defendant as a bailee for hire, under an agreement that the latter was to remove them within a few days from the house in which they were then stored to other designated premises; that the defendant failed and refused to remove the goods as he agreed to do, but allowed them to remain there for a period of about sixty days, when they, with the house, were destroyed by fire. The suit is for the value of the goods, and it is alleged that "the sole cause of the goods being burned up was the failure of said defendant to remove said goods as he had agreed to do."

*Eubanks & Mebane,* for plaintiff.

*Sharp & Sharp,* for defendant.