## 15899. PARKER MOTOR COMPANY v. SPIEGAL.

The motor company was a bailee for hire as to the automobile in question, when the car was in its custody for repairs, under the contract of sale to the plaintiff, in which the company agreed to make adjustments and repairs of the car during a stated period.

The case laid in the petition, in which the negligence alleged was the defendant's failure to protect the car by preventing its being taken away at night, was made out by the evidence, from which it appeared that the car was taken from the defendant's storage-room at night by the defendant's service manager, whom the defendant permitted to use the cars entrusted to its custody, and who, after taking out this car, wrecked the car by driving it against a telegraph pole.

DECIDED APRIL 18, 1925.

Action for damages; from Fulton superior court—Judge Humphries. July 22, 1924.

*Smith, Hammond & Smith,* for plaintiff in error.

*Spalding, MacDougald & Sibley, Estes Doremus,* contra.

JENKINS, P. J. Spiegal sued Parker Motor Company for damages, alleging that on April 29, 1921, he purchased from defendant a Marmon automobile for the sum of $5,400, and that, as a part of the contract of purchase, the defendant company agreed to give service thereon for the term of three months thereafter, "replacing any defective material and making any adjustments and repairs during said period;" that the automobile was delivered to the defendant under the terms of the said sale agreement, for the purpose of making certain repairs and adjustments thereon; that while in the defendant's custody as aforesaid the car was taken from its storage-room on the night of July 12, 1921, and driven against a telegraph pole and utterly demolished, so as to render it worthless as an automobile and leave it with a junk value of about $500; that the wrecking of the car was brought about by the negligence of the defendant in protecting and caring for the same; and the defendant was negligent in not keeping the car securely locked up at night and where it could not be taken from the premises. On the trial, the plaintiff showed, that, under the direction of the president of the defendant company, he had taken up the matter of adjustment and repairs on the car with W. E. White, who was service manager and in charge of the service and repair department, and that the car was delivered to White personally, and he carried it to the company storage-room. It also developed on the trial, from testimony offered by the defendant,

that the car was taken out by White himself, who, while driving it on the night of July 12th, wrecked it by driving it into a telegraph pole on Peachtree road. White, testifying for the defendant, swore, without being contradicted, that as such service manager he was authorized and empowered to take out and use this car or any other car in the defendant's custody. The jury found for the plaintiff in the sum of $4,560. The contentions of defendants are, that (1) it never became a bailee, either gratuitous or for hire; (2) if it was a bailee at all, it was a gratuitous bailee; (3) if it was a bailee, either gratuitous or for hire, the undisputed evidence rebuts the presumption of negligence raised against it, and therefore the recovery in the lower court in favor of the plaintiff is contrary to law and contrary to the evidence; (4) that the court erred in submitting the case to a jury at all, and especially erred in so submitting it without confining the jury's deliberations on the questions of negligence to the specifications of negligence set forth in plaintiff's petition.

1. "A contract founded upon a consideration, whereby goods are intrusted to another for the execution of a special purpose, after which they are to be returned to the one making the delivery, constitutes the person receiving them a bailee for hire." *Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (1) (95 S. E. 752). The evidence abundantly authorized, if indeed it did not demand, a finding that the car was delivered and intrusted to the defendant company under the terms of its agreement, rather than to its service manager as an individual.

2. "When a transaction partakes of the nature both of a tort and a contract, the party complaining may waive the one and rely upon the other." Civil Code (1910), § 4407. Thus, where the contractual relation of bailor and bailee exists between parties, whereby a duty is imposed by law upon the bailee as being incident to and arising out of the contract of bailment, the complainant setting up a breach of the duty may elect as to his remedy, and rely upon either his right under the contract or proceed for damages as in a case of tort. *Fain* v. *Wilkerson*, supra; *Miller* v. *Ben H. Fletcher Co.*, 142 *Ga.* 668 (83 S. E. 521); *DeLoach Mill Mfg. Co.* v. *Standard Sawmill Co.*, 125 *Ga.* 377 (54 S. E. 157); *Owens* v. *Nichols*, 139 *Ga.* 475, 476 (77 S. E. 635); *Carr* v. *So. Ry. Co.*, 12 *Ga. App.* 830 (79 S. E. 41). In all such cases, after proof of

loss, the burden of proof is on the bailee to show diligence. Civil Code (1910), § 3469. Under these principles of law and the evidence submitted, the first two contentions of the plaintiff in error are without merit.

3. The contention that the plaintiff failed to prove his case as laid is likewise without merit. It is true that, where the bailor elects to proceed in an action in tort, he should set forth the specific acts of negligence relied on (*Hudgins* v. *Coca-Cola Bottling Co., 122 Ga.* 695, 50 S. E. 974; *Stewart* v. *Greene, 124 Ga.* 975, 53 S. E. 450; *Miller* v. *Ben H. Fletcher Co.,* supra), and that in the instant case no charge of negligence in the employment by the defendant of its service manager is made; but since it appears by uncontradicted proof that the service manager, as such, was authorized and permitted by the defendant to use the cars entrusted to its custody, it did not become necessary to amend the petition by setting up any such additional negligence, upon the defendant's showing that the car was removed by its own manager and agent; and the general averment that the defendant was negligent in failing to protect the car by preventing its being taken away at night was sufficient. See also, in this connection, *Napier* v. *Strong, 19 Ga. App.* 401, 404 (2) (91 S. E. 579).

*Judgment affirmed. Stephens and Bell, JJ., concur.*