25017. WARREN *v.* MITCHELL MOTORS INCORPORATED.

SUTTON, J. 1. "A loan is the bailment of an article for a certain time, to be used by the borrower without paying for its use," and "The borrower is bound to take good care of the thing borrowed; to use it according to the intention of the lender; to restore it at the proper time, and to restore it in a proper condition." So where an automobile dealer lends a demonstrator automobile to a prospective purchaser for the purpose of allowing such purchaser to test and operate it, under an oral agreement that the purchaser is to return the automobile at the end of two days

in the same condition, less reasonable wear and tear, as it was when delivered to him, this constitutes the purchaser a bailee. See *Booth* v. *Terrell*, 16 *Ga.* 20; *Bates* v. *Bigby*, 123 *Ga.* 727 (51 S. E. 717); Code of 1933, §§ 12-101, 12-501 et seq.

2. All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailment. Code of 1933, § 12-103. A loan is generally entirely for the benefit of the borrower, and in such a case the borrower is usually bound to exercise extraordinary care and diligence and is liable for slight neglect concerning the thing borrowed. Sometimes a loan is for the joint benefit of the lender and the borrower, and in such a case the responsibility of the borrower is varied and less stringent, according to the circumstances and purposes of the loan. A borrower, where the bailment is for the mutual benefit of both the bailor and bailee, is certainly bound to exercise ordinary care and diligence in regard to the article borrowed. Code of 1933, §§ 12-503, 12-504. See also § 12-403, where it is provided that "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safe-keeping and return of the automobile." See *Evans* v. *Nail*, 1 *Ga. App.* 42 (3) (57 S. E. 1020); s. c. 7 *Ga. App.* 129, 135 (66 S. E. 543); *Morris &c. Co.* v. *Wilkes*, 1 *Ga. App.* 751 (58 S. E. 232); *Mayor &c. of Columbus* v. *Howard*, 6 *Ga.* 213.

3. Even where a bailment has been created by special contract, the bailor may recover against the bailee for his negligence in an action of tort. A litigant is privileged to waive his contract and sue in tort. Code of 1933, § 105-105. The petition in this case sounds in tort and the contract is not declared on. The fact that the plaintiff sets out the contract in its petition does not render the action one ex contractu where the petition states that the property bailed was damaged by the bailee's negligence, specifies the acts of negligence charged, and seeks a recovery of such damages as being the proximate result of such negligence. *Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (2) (95 S. E. 752); *Miller* v. *Ben H. Fletcher Co.*, 142 *Ga.* 668(3) (83 S. E. 521); *Walpert* v. *Bohan*, 126 *Ga.* 532(2) (55 S. E. 181, 6 L. R. A. (N. S.) 828, 115 Am. St. 114, 8 Ann. Cas. 89); *Parker Motor Co.* v. *Spiegal*, 33 *Ga. App.* 795, 796 (2, 3) (127 S. E. 797). "If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded upon a contract. In such a case the liability arises out of the breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty." *Carr* v. *Southern Ry. Co.*, 12 *Ga. App.* 830 (79 S. E. 41). "Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, shall give a right of action." Code of 1933, § 105-104. Such violation is a tort. *Louisville &c. R. Co.* v. *Spinks*, 104 *Ga.* 692, 695 (30 S. E. 968); *Owens* v. *Nichols*, 139 *Ga.* 475, 476 (77 S. E. 635). The tort is dependent on the contract only to the extent necessary to raise the duty. *Wolff* v. *Southern Ry. Co.*, 130 *Ga.* 251, 257 (60 S. E. 569).

60

4. Defendant's legal and contractual duty was to return the automobile within two days in the same condition as when borrowed, reasonable wear and tear excepted, and where he is sued in tort for a breach of such duty resulting in damages, the measure of plaintiff's damages would be the difference in the value of the property at the time of its return and its value at the time of delivery to defendant, allowing for reasonable wear and tear from ordinary use. See *Bulloch* v. *Hutchinson*, 49 *Ga. App.* 171, 174 (174 S. E. 645).

5. Applying the above rulings, the court did not err in overruling the defendant's demurrers to the petition as amended. This case is in this court on direct bill of exceptions assigning as controlling error the antecedent rulings of the court on these demurrers. No brief of the evidence is before this court, and the sufficiency of the evidence to support the verdict can not now be passed upon.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 28, 1935.

*Ezra E. Phillips,* for plaintiff in error.
*Camp, Savage & Crawford, Charles W. Bergman,* contra.