40916. AAA PARKING, INC. v. BLACK.

DECIDED OCTOBER 27, 1964.

*Chas. W. Bergman,* for plaintiff in error.

*Greer, Hall & Morris, Richard G. Greer, Paul R. Koehler,* contra.

HALL, Judge. ■ *Code* § 12-103 requires bailees "to exercise care and diligence in protecting and keeping safely the thing bailed." *Code* § 12-104 provides that "after proof of loss, the burden of proof is on the bailee to show proper diligence." The bailor, "setting up a breach of the duty may elect as to his remedy, and rely upon either his right under the contract or proceed for damages as in a case of tort." *Parker Motor Co. v. Spiegal,* 33 Ga. App. 795, 796 (127 SE 797).

Where the bailor elects to proceed in an action in tort, is he required, as against a special demurrer, to allege specific acts or omissions of negligence of the bailee to show a prima facie case in his petition even though he is relieved by *Code* § 12-103 of the burden of presenting evidence of the bailee's negligence at the trial? This court in *Elliott v. Levy,* 77 Ga. App. 562 (49 SE2d 179) reversed the sustaining of a special demurrer on

the ground that the bailor's petition did not show what acts of negligence resulted in the loss of his automobile, and held that allegations showing a bailment and a loss of the property stated a prima facie case and cast the burden on the bailee of showing proper diligence with respect to the subject-matter of the bailment under *Code* § 12-104. We are of the opinion that the *Elliott* case is sound for the reason that a plaintiff should not be required to plead any more than he is required to prove to establish a prima facie case. However, the *Elliott* case is in conflict with the holdings of the Supreme Court in *Miller v. Ben H. Fletcher Co.*, 142 Ga. 668 (4) (83 SE 521) and *Stewart v. Greene*, 124 Ga. 975 (1) (53 SE 450) and must yield accordingly. The *Miller* and *Stewart* cases hold that a bailor's petition containing a general allegation of negligence is subject to a special demurrer which calls for the particular acts of negligence relied on for recovery. See also *Parker Motor Co. v. Spiegal*, 33 Ga. App. 795 (3), supra; *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695 (50 SE 974). The holdings in the *Miller* and *Stewart* cases are controlling on the question of pleading, even though the statute relieves the bailor of affirmatively proving specific negligence, but in effect authorizes an inference of negligence from the loss. *Code* § 12-104; *Frey v. Macon Sash, Door &c. Co.*, 112 Ga. 242 (37 SE 376); *Hight Accessory Place v. Lam*, 26 Ga. App. 163 (105 SE 872); *Atlantic C. L. R. Co. v. Barksdale*, 32 Ga. App. 643 (124 SE 362); *Richter Bros. v. Atlantic Co.*, 59 Ga. App. 137, 142 (200 SE 462). Thus a bailor who elects to proceed in tort must allege, as against a special demurrer, specific acts of negligence, even though he need not prove these allegations at the trial in order to show a prima facie case under *Code* § 12-104. The trial court erred in overruling special demurrers numbered 4 and 5.

■ The defendant argues that its general demurrer should have been sustained because the petition does not set out a contract or consideration for bailment with sufficient certainty. When a suit sounds in tort and a contract is pleaded merely as an inducement, the contract need not be set out with the same particularity as is necessary in a suit based upon the contract. *Georgia R. & Bkg. Co. v. Sewell*, 57 Ga. App. 674, 683 (196 SE 140); *Orkin Termite Co. v. Duffell*, 97 Ga. App. 215 (102

SE2d 629). The trial court did not err in overruling the general demurrer.

■ The original petition set out facts sufficient to indicate and specify a particular transaction as a cause of action in tort, and the amendment clearly referred to the same cause of action. The trial court did not err, therefore, in overruling the defendant's objection to the plaintiff's amendment on the ground that the original petition showed nothing to amend by and changed the original cause of action and added a new one, or in overruling the special demurrer on the latter ground. *Code* § 81-1302; *Ellison v. Georgia R. Co.*, 87 Ga. 691, 707 (13 SE 809); *Milton v. Milton*, 195 Ga. 130 (23 SE2d 411); *Atkinson v. Brantley*, 15 Ga. App. 129 (82 SE 773).

*Judgment reversed for the reason stated in Division 1; otherwise affirmed. Nichols, P. J., and Russell, J., concur.*