41763. A.A.A. PARKING, INC. v. BIGGER.

Argued January 11, 1966—Decided April 20, 1966—
Rehearing denied May 3, 1966

580

*Charles W. Bergman*, for appellant.

*Henning & Martin*, for appellee.

BELL, Presiding Judge. ■ "The plaintiff did not originally designate his action as one ex delicto or one ex contractu, and indeed, it was not necessary that he so designate it, for the nature of an action is to be determined, not by the designation of the pleader, but by the intrinsic contents of the petition, its recitals of fact, the nature of the wrong sought to be remedied, and the kind of relief sought." *Rich's, Inc. v. Kirwan Bros.,*

*Inc.,* 97 Ga. App. 58, 60 (102 SE2d 648) ; *Pennington v. Douglas &c. R. Co.,* 3 Ga. App. 665, 671 (60 SE 485).

Of course, the mere fact that the original petition charged negligence, a term more frequently associated with the law of torts, does not necessarily mean that the action was one ex delicto, for the duty to exercise care and diligence may also be provided by contract.

"When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." *Code* § 105-105. Thus, for a bailee's act amounting to conversion of the bailed property, the bailor may sue either in trover (*Caldwell v. Alma Gin &c. Co.,* 27 Ga. App. 128 (107 SE 566)) or upon an implied contract to redeliver the property upon termination of the bailment (*Bates v. Bigby,* 123 Ga. 727, 729 (57 SE 717)). And if the bailee, through his negligence amounting to misfeasance, inflict injury upon the property, the bailor may bring an action ex delicto (*Miller v. Ben H. Fletcher Co.,* 142 Ga. 668 (2, 3) (83 SE 521)), or he may declare upon the contract (*Rockwell v. Proctor,* 39 Ga. 105).

"But it is not every breach of contract that gives a cause of action in tort; and so, where the breach complained of is simply the neglect of a duty such as is expressly provided by the contract itself, the action will be construed and treated as one brought ex contractu." *Fain v. Wilkerson,* 22 Ga. App. 193, 194 (95 SE 752) ; *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252, 253 (76 SE2d 536) ; *Georgia Kaolin Co. v. Walker,* 54 Ga. App. 742, 746 (189 SE 88). This principle is applicable also where the breach complained of is simply the neglect of a duty provided by the contract by implication, either of law or of fact. *Spence v. Erwin,* 200 Ga. 672 (3a) (38 SE2d 394) ; *Code* § 105-101.

Thus, where the plaintiff's petition is based on the defendant's alleged nonfeasance of duty provided by contract and not on the defendant's misfeasance, it does not set forth a cause of action ex delicto. *Orkin Termite Co. v. Duffell,* 97 Ga. App. 215, 216 (102 SE2d 629) ; see generally Prosser, Torts (3d Ed. 1964), pp. 634-639.

The original petition here showed that defendant abandoned

the automobile on the parking lot, which obviously was open to the public. It thus relinquished its custody and control of the automobile, and no bailment thereafter existed. The petition did not allege positive acts and conduct amounting to misfeasance, but at most, it charged only a failure to continue performance of defendant's duties under a bailment contract, or nonfeasance. Under these circumstances we do not think that the alleged conduct of the defendant afforded a cause of action ex delicto. We therefore construe the original petition as one sounding in contract.

Nothing said in this division of the opinion is in conflict with *Parker Motor Co. v. Spiegal,* 33 Ga. App. 795 (127 SE 797), where the averment of negligence was similar to the one here. In that case other allegations of the petition showed positive conduct amounting to misfeasance.

The trial court did not err in allowing the amendment to the petition over defendant's objections upon the grounds stated.

■ "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed." *Code* § 12-103. "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safekeeping and return of the automobile." *Code* § 12-403. See also *Code* § 12-404 and *Code Ann.* § 109A-7—204 (1). Nothing in the Uniform Commercial Code repealed or affected *Code* §§ 12-103, 12-104, 12-403, or 12-404. Thus, when the contract of bailment was created, the contract imposed upon defendant, by implication of law, the duty to exercise ordinary care to protect and keep safe plaintiff's automobile during the term of bailment.

The bailee was not an insurer, but there was an implied obligation to return the property to plaintiff free from injury, or in the same condition that the property was in when the bailee received it. In an action ex contractu to recover upon breach of this obligation the failure of the bailee to use the required degree of care is not a matter for allegation and proof by the bailor. Rather, the exercise of the required diligence is a matter of defensive pleading and proof by the bailee.

In this connection see *Code* § 12-104, which provides: "In all

cases of bailment after proof of loss, the burden is on the bailee to show proper diligence." *Code* § 12-104 is a rule of evidence rather than a rule of pleading. Thus, in an action ex delicto to recover for a breach of duty resulting in damage to the bailed property, it may be proper to allege the contract in order to show a duty but it is always necessary to allege negligence of the bailee as the proximate cause of the injury. See *A.A.A. Parking, Inc. v. Black,* 110 Ga. App. 554 (139 SE2d 437). In an action ex contractu, it is sufficient to allege the contract of bailment and the loss. See 8 Am. Jur. 2d 1182, Bailments, § 295.

In order to constitute a bailment, it is essential that the bailee acquire an independent and temporarily exclusive possession of the property. *Atlantic C. L. R. Co. v. Baker,* 118 Ga. 809, 810 (45 SE 673). Here the amended petition showed a delivery of plaintiff's automobile to defendant sufficient to meet this requirement. *Elliott v. Levy,* 77 Ga. App. 562, 565 (49 SE2d 179).

We are aware of cases which hold that if the bailee does not rely merely upon the failure to return the property in proper condition but goes further and alleges that the loss was due to fire, theft or similar cause, the petition states no cause of action unless it goes on to allege that the cause of loss was due to the bailee's negligence. Golowitz v. Magner, 203 NYS 421 (208 App. Div. 6); Smith v. Noe, 159 Tenn. 498 (19 SW2d 245). We decline to follow this rule. See National Fire Ins. Co. v. Mogan, 186 Ore. 285 (206 P2d 963). In this State a showing that the loss was caused by theft does not by itself rebut the presumption of the bailee's negligence which obtains upon proof of the loss of the bailed property. *Merchant's Nat. Bank v. Guilmartin,* 93 Ga. 503, 505 (21 SE 55). "It will not do to hold that a parking lot operator, charging the public for his services in caring for customers' cars, can escape liability for the loss of a car stolen from his parking lot, in the absence of clear and satisfactory proof showing diligence on his part throughout the bailment." *Loeb v. Whitton,* 77 Ga. App. 753, 756 (49 SE2d 785). Thus, the amended petition, which showed that the damage to plaintiff's car was caused by theft, did not negative neg-

ligence or other breach of duty by the bailee so as to excuse his failure to comply with his implied obligation to return the car in as good condition as it was in when the bailee received it.

The trial court did not err in overruling defendant's general demurrer to the amended petition.

■ The trial court did not err in overruling defendant's special demurrers to plaintiff's amended petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*