## 42667. BUNN v. BROADWAY PARKING CENTER, INC.

PER CURIAM. 1. "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safe-keeping and return of the automobile." *Code* § 12-403. This Code section being a part of the originally adopted Code of 1933 has the force and effect of a statute enacted by the General Assembly of this State. Ga. L. 1935, p. 84. This Code section must be given effect by the courts as a part of the substantive law of this State. *Sirota v. Kay Homes, Inc.,* 208 Ga. 113, 114 (3) (65 SE2d 597).

2. Under the foregoing principles, where the plaintiff's petition alleges in substance and effect that the plaintiff, owner of an automobile, entered into an oral contract with the defendant, the operator of a garage for the storing and servicing of automobiles, whereby for a consideration therein agreed upon plaintiff stored his automobile in the defendant's garage, the allegations were sufficient to show that under *Code* § 12-403 the relation of bailor-bailee was created as between the plaintiff and the defendant notwithstanding that the facts alleged were insufficient to show that the relation of bailor and bailee was created under generally recognized principles of the law of bailments. *Code* §§ 12-101 and 12-102; *Atlantic C. L. R. Co. v. Baker,* 118 Ga. 809 (1) (45 SE 673).

3. The allegations of the petition in this case, even when construed against the pleader, as must be done on general demurrer, show the existence of the relation of bailor and bailee between the plaintiff and the defendant under *Code* § 12-403, and the loss or destruction of the automobile during the pendency of the bailment. While defendant might, by an appropriate special demurrer, have required the plaintiff to allege more specifically the acts of negligence on the part of the defendant which he contended caused the destruction of his automobile by fire, and to set forth their causal connection therewith (*AAA Parking v. Black,* 110 Ga. App. 554, (139 SE2d 437) and citations), no such special demurrer was filed, and as against a mere general demurrer, the petition was sufficient.

4. The trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Jordan, P. J., Deen and Quillian, JJ., concur.*

SUBMITTED MARCH 8, 1967—DECIDED JUNE 9, 1967—REHEARING DENIED JUNE 28, 1967—

*Adams, O'Neal, Steele, Thornton & Hemingway, Robert S. Slocumb,* for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellee.

