## 66149. NORTHSIDE MOTORS, INC. v. O'BERRY.

BIRDSONG, Judge.

Gary O'Berry sued Mack Williams and Northside Motors, Inc. for conversion of his automobile and other damages. The controversy arose in this case when O'Berry went to Northside Motors with the intent of buying a used truck. Inasmuch as there was no truck on the lot of interest to O'Berry, Northside's employee (salesman) Mack Williams offered to trade his own personal van to O'Berry for O'Berry's AMC Pacer automobile plus $600 to be paid in weekly installments. The deal was consummated, bills of sale exchanged, and O'Berry drove off in Williams' van. Several days later, Williams apparently changed his mind and engaged two men (one of whom had repossessed cars for Northside in the past) to drive with him to O'Berry's place of work and "repossess" the van. O'Berry went to Northside Motors and insisted upon the deal he had made with Williams. In the presence of James Turner, president of Northside Motors, O'Berry tendered the weekly installment payment, but it was refused. Northside's president, Turner, told O'Berry that he would charge O'Berry a $10 per day storage fee if O'Berry did not remove the AMC Pacer off Northside's lot. When O'Berry, who now had no vehicle at all, went to pick up the Pacer the next day, it was not there; Turner had had it towed to a wrecker service lot. O'Berry had to pay the wrecker service $150 to retrieve the Pacer which, by this

time, had two flat tires and no battery.

In the lawsuit and trial, O'Berry did not insist on a verdict for the return of the van, but sued for the conversion of his AMC Pacer which he had at last secured to his possession, and for the damages suffered in consequence of the whole affair. The jury returned a verdict against Mack Williams for $600 actual damages, which verdict Mack Williams does not appeal; and against Northside Motors for $200 actual damages, $5,500 punitive damages, and $3,075 attorney fees.

Northside appeals, enumerating five errors below. *Held:*

1. We address only the appeal of the verdict and judgment against Northside, as that is all that is before us. Enumeration 4 concerning Mack Williams' motion for directed verdict, made on grounds that no damages were shown as against Mack Williams, will therefore not be considered.

2. Northside contends that its motion for directed verdict should have been granted because there was no evidence at all that the tort complained of was done by an agent of Northside (i.e., Mack Williams) acting within the scope of his agency. But the specific tort complained of, and for which the jury found a verdict, was the conversion of O'Berry's AMC Pacer upon the apparent authority of Turner acting for Northside after Williams repudiated the sale or trade of his van. We are therefore not directly confronted with the agency relationship between Williams and Northside surrounding Williams' sale of his own van to O'Berry and Williams' subsequent repudiation of the sale and "repossession" of the van, though there is evidence supporting such a finding of agency. Employees of Northside admittedly were allowed to sell their own vehicles to Northside customers and Northside received a commission on such sales. The tort of conversion arose directly from the presence of O'Berry's AMC Pacer on Northside's lot, which under the circumstances just described was not wholly outside the ambit of Northside's business. The removal of the Pacer by Northside, to O'Berry's detriment, was a conversion. See *Warren v. Mitchell Motors,* 52 Ga. App. 58 (182 SE 205).

Moreover, and viewing the entire matter in the light most favorable to Northside, even if there was no agency relationship between Northside and Williams underlying the AMC Pacer's presence on Northside's lot, and even if Northside effectively repudiated or never had any part in the dispute between Williams and O'Berry, nevertheless when its president (Turner) told O'Berry to remove the Pacer or he would be charged a daily storage fee, what resulted was a creature of bailment (see OCGA §§ 44-12-40; 44-12-43; 44-12-77 (Code Ann. §§ 12-101, 12-103, 12-403); see *Bunn v. Broadway Parking Center,* 116 Ga. App. 85 (156 SE2d 464)) and that

is where the matter should have lain. Instead, Northside (not Mack Williams) had O'Berry's Pacer hauled away, depriving O'Berry of any opportunity to retrieve his Pacer from Northside or be liable for a storage fee, and at expense exceeding $150 to O'Berry and some damage to the car. This was a conversion and a breach of the bailment arrangement by Northside (see OCGA § 44-12-65 (Code Ann. § 12-206)) itself. The verdict is supported by the evidence, both as to the commission of the tort by Northside and the amount and assessment of damages.

3. Northside complains that the trial court erred in directing counsel for Northside to object to questions only when his client was on the stand. Assuming but not deciding under the circumstances of this case that the trial court was in error on this point, the appellant Northside has shown no instance where it was harmed or prejudiced by any such restraint during trial, and in fact has shown no instance where Williams' counsel failed to object to what might or should have been objected to by Northside's counsel, to Northside's detriment. See *Summerfield v. DeCinque,* 143 Ga. App. 351, 352 (238 SE2d 712).

4. The trial court did not err in overruling Northside's objections to O'Berry's questions concerning the sale of Northside Motors by Turner and the disposition of the assets of Northside. The line of questioning revealed that Turner had sold the business in a cash sale for $16,000. The questioning was in the course of cross-examination (see *Salisbury v. State,* 222 Ga. 549 (150 SE2d 819)) and was appropriate as an inquiry into the worldly circumstances of the appellant. See OCGA § 51-12-6 (Code Ann. § 105-2003). Moreover, even if the inquiry was irrelevant, it was not so decidedly prejudicial as to affect the verdict, which was amply supported by other evidence in the case. *Thigpen v. Batts,* 199 Ga. 161 (33 SE2d 424).

5. Appellant contends the trial court erred in its charge in giving the jury the impression that they must find actual damages against Northside.

The jury first returned a verdict against Northside for punitive damages and attorney fees. The trial court instructed the jury that the verdict "is not a legal verdict. A plaintiff cannot recover punitive damages or attorney fees from a defendant unless the jury also awards actual damages against that particular defendant. . . . You will have to award some actual damages against the defendant against whom punitive damages and attorney fees are awarded." Northside's attorney objected to this as misleading. The jury was brought back and reinstructed: "[T]he previous instructions given you were in no manner intended to instruct you to award punitive damages or attorney fees against either defendant. However, you cannot award

punitive damages and attorney fees ... unless and until you find some actual damages against the defendant." Again Northside objected; the jury returned a verdict for $200 actual damages plus punitive damages and attorney fees.

While the trial court's creative instructions could have more clearly instructed the jury that if there was no actual damages, no punitive damages or attorney fees could be assessed unless there were actual damages found (but see, OCGA § 51-12-6 (Code Ann. § 105-2003)), the charge was essentially correct. Moreover, any misunderstanding was harmless error because there were actual damages proved in the case. In any case, the actual damages finally assessed were so close to the amount proved ($150 towing service; two flat tires and battery removed) as to remove any question of bias or prejudice, and we therefore find as a matter of fact that it is highly probable the jury understood the charge in its proper import, and any error did not affect the verdict. See *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 27, 1983.

*Donald R. Sullivan,* for appellant.
*John T. McKnight, Jr., Richard L. Parker,* for appellee.