A90A0552. SOUTH GEORGIA PECAN COMPANY v. ALIMENTA PROCESSING CORPORATION.
(394 SE2d 545)

DEEN, Presiding Judge.

This case made a prior appearance in this court as *Alimenta Processing Corp. v. South Georgia Pecan Co.*, 185 Ga. App. 330 (364 SE2d 84) (1987), and the facts are set forth therein. In *Alimenta*, this court reversed the grant of summary judgment to South Georgia Pecan Company (SGP), holding that there were issues of fact to be resolved, particularly as to the insurance coverage for the loss. After a jury trial, a verdict in the amount of $217,000 was returned in favor of Alimenta. SGP's motions for a judgment n.o.v. and a new trial were denied, and it appeals.

1. SGP claims that Alimenta intended to be protected only by its own insurance because SGP's insurance did not include coverage against Alimenta's loss. Appellant claims that the opinion in the prior

appeal left three fact issues to be resolved: (1) whether Alimenta's insurance covered the loss; (2) whether SGP's warehouse legal liability insurance covered the loss; and (3) how the risk of loss was to be allocated between Alimenta's and SGP's two insurance policies.

Alimenta does not deny that its "all perils" policy covered the loss or that it recovered 50 percent of its claim from its insurance carrier. SGP claims that the entire loss was covered by the policy. The extent of Alimenta's insurance coverage, however, is relevant only if the parties intended Alimenta to look exclusively to its own policy in the event of a loss. The jury verdict indicates that this and the other two issues were resolved adversely to SGP. In our prior opinion this court held: "[I]f the 'warehouse legal liability insurance' provided by [SGP] covers damage to [Alimenta's] property, it may be looked to by [Alimenta] even if it was the intent of the parties to look solely to insurance. . . . This issue may perhaps be resolved by looking at the policy actually purchased by [SGP]." Id. at 332. That policy covers "liability imposed upon [SGP] as a warehouseman or bailee, for loss or destruction of or damage to personal property of others contained in the premises. . . ." As this court noted in the prior opinion at 332, paragraph 7 requires SGP "to provide and maintain both 'general liability insurance and a warehouse legal liability insurance policy in form and substance acceptable to [Alimenta]. . . .'" SGP, however, argues that the lease was modified after its execution, when SGP began sending Alimenta preprinted receipts which contained language that contradicted the lease on risk allocation. The only trial testimony on this subject shows that the purpose of the receipts was to account for the quantity of peanuts stored, and for Alimenta to use in obtaining bank loans requiring the stored peanuts as security. There was no evidence that the receipts were used to modify the terms of the lease.

The trial court correctly submitted the issues relating to allocation of the risk under the lease provisions to the jury, and the jury's verdict is consistent with the evidence.

2. For the reasons set forth in Division 1, above, it was not error for the trial court to admit SGP's liability insurance policy into evidence.

3. The trial court did not err in charging the jury on bailment and negligent performance of contract.

OCGA § 44-12-40 defines a bailment as "[A] delivery of goods or property upon a contract, express or implied, to carry out the execution of a special object beneficial either to the bailor or bailee or both and to dispose of the property in conformity with the purpose of the trust." SGP's argument that the existence of the lease negates the existence of a bailment relationship is without merit. The entrustment of goods to a warehouseman pursuant to a contract creates a

bailment. *Millender v. Looper*, 82 Ga. App. 563, 568 (61 SE2d 573) (1950). The creation of the bailment imposed on SGP the duty "to exercise care and diligence to protect the thing bailed and to keep it safe. Different degrees of diligence are required according to the notice of the bailments." OCGA § 44-12-43. The bailor may proceed in either tort or contract when the bailee violates that duty. *A.A.A. Parking v. Bigger*, 113 Ga. App. 578, 581 (149 SE2d 255) (1966). Alimenta was entitled to a presumption that the bailee was negligent upon its showing of damage to its peanuts while in SGP's possession. *United States Sec. Warehouse v. Brooks*, 115 Ga. App. 834 (156 SE2d 217) (1967). The burden then shifted to the bailee to show due diligence. OCGA § 44-12-44. The evidence showed that SGP failed to use reasonable means to keep its warehouse free from the entry of excessive water and failed to exercise due diligence in discovering the presence of the water. Other evidence showed that appellant selected and purchased shingles unsuitable for a warehouse roof, improperly maintained the louvers on the gable ends of the warehouse, never inspected the attic space, and waited 10 days after the water penetrated the roof and louvers to advise Alimenta that its peanuts had been exposed to water. The release from damages that SGP claims was contained in the lease does not exist. The release extends only to "damages . . . due to external causes (other than . . . failure to maintain the . . . humidity levels specified herein)." We find no error in charging the jury on bailment.

As to the jury charge on negligent performance of contract, we note that the pleadings did not set forth that issue and the copy of a pretrial order included in the record on appeal did not set forth that theory. We further note, however, that the pretrial order was never filed with the court, as it bears no indication that it was filed.

Evidence on the issue of negligent performance of contract was received without objection. " '[T]he parties may, by express consent, or by the introduction of evidence without objection, amend the pleadings at will. . . . [I]ssues tried by express or implied consent *shall* be treated as if raised by the pleadings.' " *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978). We also note that the court charged the jury that negligent performance of a contract may be a tort and further expanded upon this legal theory in its charge. Alimenta pleaded both breach of contract and, in the alternative, tort as its theory of recovery. As there was evidence of negligent performance of the contract, it was not error for the court to so charge the jury.

4. In its final enumeration of error SGP contends that the jury verdict was not authorized by the evidence. In its pleadings Alimenta sought $245,156.63 in damages. The verdict was within the range of the evidence presented at trial as to the extent of Alimenta's loss.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990 —
REHEARING DENIED MAY 18, 1990 — 

Blackburn, Bright & Edwards, J. Converse Bright, Tillman, McTier, Coleman, Talley & Newbern, Wade H. Coleman, for appellant.

Barham, Elliott, Bennett & Miller, W. G. Elliott, Hansell & Post, Donald A. Loft, Gary W. Hatch, Jones, Day, Reavis & Pogue, Trammel Newton for appellee.