Whitemore *v.* Haroldson.

## Z. H. WHITEMORE *v.* M. J. HAROLDSON.

BAILMENT. *Landlord.* When a guest of a hotel who has deposited his money with the clerk, upon paying his bill and leaving, leaves it with him as clerk of the house, to be kept without compensation until he should afterward call for it, the landlord will not after this be bound for it if the clerk embezzle or misappropriate the money, although he knew it was so left with his clerk, if he had no reason to suspect his fidelity, as it is under such circumstances in his possession as gratuitous bailee, and not as landlord.

### FROM SHELBY

Appeal in error from the Second Circuit Court of Shelby County.    IRVING HALSEY, Judge.

T. D. ELDRIDGE for Whitemore.

GEO. GANTT and WAT. STRONG for Haroldson.

DEADERICK, C. J., delivered the opinion of the court.

Whitemore was a hotel-keeper in Memphis, and Haroldson was his guest.    While at the hotel Haroldson deposited his money with the clerk of the hotel, took his receipt as such clerk, and the money was kept at night by Whitemore's wife in a safe in her room.    When Haroldson needed money he got it by surrendering the receipt and receiving a new one for the amount of money remaining on deposit, signed by the clerk as clerk, etc.    Being called by business to New Orleans, he left the money and a shawl with

the clerk, intending shortly to return. He was detained longer than he expected in New Orleans, but after several weeks, about seven, he returned and demanded his money and shawl. In the meantime, the clerk having fallen under suspicion, from having more money in his possession than it was thought he could have obtained honestly, was discharged. The clerk had gotten into his possession the money left by Haroldson, and was unable to restore it. Whitemore refused to pay it, and Haroldson brought this suit, and has had three verdicts in his favor. The first two were set aside, but it does not appear upon what ground.

Section 3122 of the Code provides that "not more than two new trials shall be granted the same party in an action at law, or upon the trial by a jury of an issue of fact in chancery." This act has been construed to mean that when the facts of the case have been to a jury upon a proper charge, and two juries have found in favor of the same party, which were set aside, if the same party obtain another verdict in like manner, it shall not be disturbed. But such third verdict might be set aside for an error in the charge, or in the admission or rejection of evidence, or from misconduct of the jury, and the like. 10 Yerg., 500; 1 Hum., 16; 1 Head, 169.

It is also held in these cases that the record should show the ground upon which the new trials were granted, otherwise in support of the verdicts it will be presumed they were rendered upon the merits.

The ground upon which it is insisted the judgment

is erroneous is, that the court erred in his instructions to the jury. The error complained of is, that the court said to the jury, "If Whitemore knew that Haroldson had deposited the money and goods with Wade as clerk of the house, and that upon paying his bill and leaving said house he had still left them in his possession as clerk of the house, to be kept without compensation, then Whitemore would be a gratuitous bailee; and in such case, if the money or goods were embezzled or misappropriated by his servant, he would be responsible therefor."

The judge had previously told the jury that when the guest pays his bill and leaves the house, to be gone a considerable time, and ceases to be a guest of the house, if the money and goods were left with the clerk, without the knowledge of the proprietor, by a subsequent arrangement with the clerk, the proprietor would not be liable.

Undoubtedly, if one not a guest sends goods to an inn-keeper, without compensation to be made, he would not be subject to the liability of an inn-keeper if the goods were lost, but only to such liability as attaches to a gratuitous bailee, that is, for loss or damage occasioned by his gross negligence. 2 Parsons on Con., 153.

But one who is in fact a guest may leave the inn for a time, and still leave his property under the safeguard of the landlord's liability. How long he may stay away or leave his property without ceasing to be a guest, seems not to have been determined, but it is said he cannot by leaving valuable property

over an indefinite period and staying away as long as he pleases, subject the landlord to the peculiar liability of an inn-keeper. Ibid, 153–4.

But the part of the charge excepted to is, that the jury was told that Whitemore would be liable if Wade embezzled or misappropriated the money which he knew had been left in his possession as clerk. That part of the charge is founded upon the theory that Haroldson was not the guest of the inn; therefore the inn-keeper was a simple depository or bailee without compensation, and should only be held liable for gross negligence.

In Edwards on Bailments, page 72–3, it is said such a bailee is not liable for the loss of the property committed to his charge, if it is stolen by his own servants, or if it is embezzled by an agent to whom he entrusted its custody. If not liable for the embezzlement of one to whom he entrusts the fund, if he had no reason to suspect his fidelity, it would seem he ought not to be held liable for the misappropriation of it by one to whom he knew it had been entrusted by the owner or his servant or agent.

There were facts enough before the jury to make it proper that upon this point the law should have been properly charged. And because of the error in the point indicated the judgment is reversed, and a new trial awarded.