TULANE HOTEL CO. *v.* M. F. HOLOHAN.

*(Nashville.* December Term, 1903.)

1. HOTELS. One procuring no accommodations is not a guest; case in judgment.

One cannot become the guest of a hotel unless he procures some accommodations there. A traveling salesman turning his grips over to the porter of a hotel, with the intention of going there, but changing his mind and not going there nor procuring any accommodations there, does not become a guest of the hotel so as to charge it with an innkeeper's liability. (*Post, pp.* 216-217.)

Case cited and approved: Whitemore v. Haroldson, 2 Lea, 312.

2. SAME. Liability of innkeeper for goods of one not a guest is that of a gratuitous bailee.

An innkeeper, to whom one not a guest sends goods to be held without compensation to be made therefor, will not be liable as an innkeeper, if the goods are lost; but will be liable only as a gratuitous bailee, that is, for loss or damage occasioned by gross negligence. (*Post, p.* 217.)

Case cited and approved: Whitemore v. Haroldson, 2 Lea, 312.

3. SAME. Same. Not liable as bailee for baggage delivered to its porter by one not a guest, when.

Where a traveling salesman turns his grips over to the porter of a hotel, intending to become a guest there, but changing his mind, goes elsewhere, and does not become a guest there, the hotel does not even become a mere bailee, though the porter deposits the grips in the hotel office without notice to the clerk, baggage keeper or other employee of the hotel and without their knowledge. The porter is the gratuitous bailee and not the hotel. (*Post, pp.* 217-218.)

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. —JOHN W. CHILDRESS, Judge.

GRAFTON GREEN, for Hotel Company.

JOHN TURNER and E. S. ASHCRAFT, for Holohan.

MR. JUSTICE WILKES delivered the opinion of the Court.

The facts in this case are undisputed, and are, in substance, as follows:

Mr. Holohan, a traveling salesman, came to Nashville on the morning of September 1, 1901. He brought with him two grips or suit cases. These grips were turned over at the depot to the porter of the Tulane Hotel, as Mr. Holohan intended to stop at that hotel. However, he did not stop at the Tulane Hotel, but, after breakfasting at the Terminal Station Hotel, he met a friend of his, and went home with him, and did not stop or stay at the Tulane as its guest while on this trip.

Mr. Holohan, however, went to the Tulane on the afternoon of his arrival to secure his grips, but only one of them could be found. Several demands were made

on the hotel for the missing grip, but it was not produced, and upon the refusal of the hotel company to pay for it this suit was brought.

Mr. Holohan did not register at the hotel on either September 1 or 2, 1901, did not procure any accommodations there on either of those dates, and was not a guest of the Tulane Hotel while on this visit to the city. The case was tried without a jury, and resulted in judgment for plaintiff for $79.25 and costs, and the hotel company has appealed and assigned errors.

It is assigned as error that there is no evidence to support the finding of the circuit judge, for two reasons:

First. There is no evidence to show that Mr. Holohan was a guest of the hotel, and, unless he is shown to have been a guest, the hotel is not liable, as an innkeeper, for the care of his baggage.

Second. There is no evidence to show that the baggage was lost by the negligence of the hotel company, and, unless gross negligence can be imputed to it, it is not liable as a gratuitous bailee.

In the first place, was Mr. Holohan a guest of the hotel?

We think not. The universal rule seems to be that one can not become the guest of a hotel unless he procure some accommodation. He must procure a meal, room, drink, feed for his horse, or at least offer to buy something of the innkeeper, before he becomes a guest.

In the case at bar Mr. Holohan procured no accom-

modation from the hotel, nor did he offer to buy anything.

In the case of *Whitemore* v. *Haroldson*, 2 Lea, 312, it was held: "If one not a guest sends goods to an innkeeper without compensation to be made, he would not be subject to the liability of an innkeeper if the goods were lost, but only to such liability as attached to a gratuitous bailee; that is, for loss or damage occasioned by gross negligence.

"The first requisite of the extraordinary liability now under consideration is that the relation of innkeeper and guest should have existed between the parties at the time the loss or injury occurred; and such liability can not be imposed in any case where the relation never in fact existed. Under such circumstances, if the innkeeper is a gratuitous bailee, he is only liable in case loss occurs in consequence of gross negligence on his part."

16 Am. and Eng. Enc. Law, 530.    See, also, 2 Parsons on Contracts, p. 165; Schouler on Bailments, sec. 280; Redfield on Carriers & Bailments, sec. 592.

Defendant company can not, therefore, be held liable as an innkeeper.

It is said that it can be and should be held liable as a mere bailee. We do not think that the hotel company, under the facts in this case, ever had the custody or the possession of this baggage. It is true that it was delivered into the care and custody of the hotel porter at the station; but the porter had no authority to receive it,

Hotel Co. v. Holohan.

or charge the hotel company for its safe-keeping, unless the owner was a guest, or subsequently became one. The porter himself individually was the gratuitous bailee. If he deposited the grip in the hotel office—as it appears he did—still it was not placed in the possession or custody of the clerk or baggage keeper or any other employee of the hotel company, nor was their attention ever called to the same. So far as the hotel is concerned, it is the same as if the porter had gratuitously brought up the valise of a friend or a stranger, and put it down in the hotel office, without calling any attention to it, or giving the hotel employees any notice of it, and no occasion existing for them to take charge of it.

If there is bailment in this case, the train porter is the bailee, and not the hotel company, who never, by any authorized agent, had any care or custody of the baggage, or any notice of it.

The judgment is reversed, and the suit dismissed, at the cost of appellee.