## NOEL & CO. *v.* PETER J. SCHUUR.

### (*Nashville.* December Term, 1917.)

1. **WAREHOUSEMEN.** Injury to goods. Actions. Prima-facie case.
In action against warehousemen for failure to properly preserve celery in cold storage, plaintiff's evidence of delivery in sound condition and return in deteriorated condition established *prima-facie* case. (*Post, pp.* 248, 249.)

Acts cited and construed: Acts 1909, ch. 336.

Cases cited and approved: Runyan v. Caldwell, 26 Tenn., 134; Holt Ice & Cold Storage Co. v. Arthur, 25 Ind. App., 314; Kelton v. Taylor, 79 Tenn., 264.

Code cited and construed: Sec. 3608a (T.-S.).

2. **BAILMENT.** Loss of goods. Fire. Theft. Actions. Burden of proof.
In actions by bailors against bailees for loss of goods by fire or theft, the bailor must prove that fire or theft was due to bailee's negligence. (*Post, p.* 249.)

Case cited and approved: Lancaster Mills v. Merchants' Cotton Press & S. Co., 89 Tenn., 1.

3. **WAREHOUSEMEN.** Injury to perishable goods. Owners duty to remove goods.
Where warehousemen failed to give owner of perishable goods notice specifying time within which the goods must be removed as authorized by Uniform Warehousemen Act, owner was not required to remove goods by the rule requiring injured party to do what he reasonably may to minimize damage. (*Post, pp.* 249, 250.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County. —HON. THOS. E. MATTHEWS, Judge.

NORMAN FARRELL, JR., for appellant.

G. S. MOORE, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by Schuur to recover damages claimed to have been sustained by reason of the failure to properly preserve in cold storage nine hundred crates of celery deposited in Noel & Co.'s warehouse in the city of Nashville. Schuur was a large shipper of celery from Michigan, his home, to the Southern market, and in advance of shipping his product in the fall of 1915 he asked for and was quoted terms by Noel & Co. for the storage of his celery, so that it might from time to time be shipped from Nashville, at depot, to dealers in this and other nearby States. The theory of the plaintiff for recovery was that the warehousemen failed to maintain a suitable degree of temperature, and that in consequence the celery rotted.

A judgment was rendered in the circuit court, based upon the verdict of a jury, in favor of Schuur for $1,878, but on appeal the court of civil appeals reversed the judgment and remanded the cause for a new trial.

Noel & Co. stood in both of the lower courts upon their motion for a peremptory instruction of the jury, but the adverse ruling of both of said courts was fully warranted by evidence.

Noel & Co. v. Schuur.

It appears that the warehousemen issued to Schuur deposit slips for the celery, which slips contained, among other provisions, one to this effect:

"Condition and quality of goods or property unknown and to be removed by owners on request."

There was proof introduced tending to show that the celery was in good condition when placed with the bailees; and it is not disputed that it was greatly deteriorated in a short period of time.

The appeal was disposed of by the court of civil appeals without taking note of the Uniform Warehousemen Act (Acts 1909, chapter 336; Thompson Shannon Code, section 3608a et seq.), which governs in cases involving perishable goods (section 3608a36).

This act prescribes the measure of care to be observed in the keeping of goods—that of a reasonably careful owner of similar goods.  Section 3608a20.

The act does not deal with the burden of proof, the making of a *prima-facie* case of negligence on the part of the warehouseman, or with presumptions of negligence, and common-law principles in relation thereto must find application.

The trial judge charged the jury as follows:

"If the bailor, Schuur, shows by a preponderance of all the evidence that the goods were in good condition at the time they were delivered at the cold storage warehouse, but that when they were returned or withdrawn they were in a damaged condition from any cause not inherent in the goods themselves, at the time they were delivered to Noel & Co., then

the bailor has made out a *prima-facie* case, that is, a case sufficient for recovery unless rebutted or explained away by other evidence. When such a showing is made, then it is incumbent upon the bailee, the cold storage company, to account for the damage in some manner, and by a preponderance of all the evidence, consistent with the exercise of ordinary care on its part.''

The rule in cases of bailments in this State is that after the bailor has proved the delivery of the goods in good order the duty is upon the bailee to proceed to show the loss or partial loss and the manner in which they were lost. *Runyan* v. *Caldwell,* 7 Humph. (26 Tenn.), 134. If there be no such explanation on the part of the warehouseman, or if it appears that the celery, sound when received and deteriorated when returned, was injured in such a way as would only ordinarily or normally be produced by a failure to seasonably bring about and maintain a proper temperature, there is a *prima facie* case made for recovery.

In *Holt Ice & Cold Storage Co.* v. *Arthur,* 25 Ind. App., 314, 57 N. E., 575, an instruction was approved that the burden was upon the bailor to prove negligence, but that, when he showed that the property was in good condition when delivered, and was returned in a damaged condition, produced by a cause not inherent in the goods themselves, the bailor had made a *prima-facie* case, and the burden was then on the warehouseman to account for the injury in

some manner consistent with the exercise of ordinary
care.   Strictly speaking, the court said, there was,
perhaps, no shifting of the burden of proof in such
cases, but the plaintiff had at all times the burden
of proving facts to make his case, although the
burden of proceeding did shift.   See, also, cases
cited in notes 43 L. R. A. (N. S.), 1188; Ann. Cas.
1916A, 537; *Kelton* v. *Taylor,* 79 Tenn. 264, 47 Am.
Rep., 284; 3 R. C. L., p. 151.

Cases involving loss by fire or theft while the
property was in the custody of a bailee or warehouse-
man are not within this rule, unless there is some-
thing other than the mere fact of the fire or theft
from which negligence may be inferred.   The bailor
must in such cases prove that the fire was due to
negligence.   *Lancaster Mills* v. *Merchants' Cotton
Press & S. Co.,* 89 Tenn., 1, 14 S. W., 317, 24 Am. St.
Rep., 586, and note 43 L. R. A. (N. S.), 1178; 3 R.
C. L., p. 151.

The Uniform Act does provide that, if the goods
are of a perishable nature, or their keeping will
deteriorate them greatly in value, the warehouseman
may give such notice to the owner as is reasonable
and possible to remove them from the warehouse.

The court of civil appeals, proceeding in disregard
of the act, held that the bailor did not act with due
diligence in removing the goods upon request, and
thus minimize the loss incident to further deteri-
oration.   We think the rule requiring the injured
party to do what he reasonably may to minimize his

damage is not applicable here, for the reason that it is by the above statute made the duty of the warehousemen to give notice to the bailor to remove his goods "within the time specified" in the notice. No such notice was given. It lay within the power of the warehousemen, had notice been given and disregarded, to have sold the goods at public or private sale, and thereby have prevented the accruing of the further loss of which complaint is made. The warehousemen are not in a position to insist upon the application of this rule.

With these propositions settled in favor of the bailor, we think it clear that the verdict and judgment in the circuit court must be sustained.

Reverse the judgment of the court of civil appeals in order to the affirmance of the one rendered in circuit court.