## CHATTANOOGA INTERSTATE FAIR ASSOCIATION v. JACK BENTON.

Eastern Section, February 26, 1927.

Petition for Certiorari denied by Supreme Court, June 11, 1927.

1. **Principal and agent. Whenever it is admissible to prove what an agent did, it is competent to prove what he said about the acts while he is doing it.**
   Whenever it is admissible to prove the acts of an agent to show his authority it is also competent to prove his statements while doing the act.

2. **Principal and agent. Evidence. Evidence held sufficient to show statements binding upon the principal.**
   In an action against a fair association to recover for the loss of an automobile which was alleged to have been stolen while in the possession of the fair association where evidence was offered showing statements of the gate keeper that the association would take care of plaintiff's car, held that in view of the position he was actually occupying at the time of the statement, the statements were admissible and binding upon the persons.

3. **Instructions. Instruction allowing plaintiff to recover if certain signs were up regardless of whether plaintiff saw them was erroneous.**
   In an action to recover for an automobile alleged to have been stolen while in the possession of the defendant fair association where the defendant offered an instruction telling the jury that the plaintiff could not recover,

if the fair association had placed certain signs stating that they were not responsible for loss of cars held improper because it ignored the fact of whether plaintiff had seen the signs or not.

4. **Bailment. Fair association parking cars for hire held bailee.**
Where a fair association provided parking space for cars and charged for the same, held that the association occupied the position of bailee.

5. **Bailment. Negligence. Evidence. Evidence held to show negligence on the part of bailee.**
Where a fair association had received plaintiff's car for the purpose of keeping it while he attended the fair, and the evidence showed that they had a great many cars so parked, and only two men to look after them, and the evidence further showed that plaintiff's car was not returned to him and that the employees told him to notify the police, held that the facts showed negligence on the part of the bailee.

Appeal in Error from Circuit Court, Hamilton County; Hon. W. B. Garvin, sitting by interchange with Hon. Oscar Yarnell, Judge. Affirmed.

Shepherd, Carden & Bass, of Chattanooga, for plaintiff in error.

W. T. Murray, of Chattanooga, for defendant in error.

SNODGRASS, J. This is an action for damages for the loss of an automobile. The declaration has two counts. The first count is based upon an alleged conversion of the automobile by the plaintiff in error on the 30th day of September, 1922. The second count insists that the loss of the automobile was due to the negligence of the plaintiff in error, in whose care it was averred to have been left to safely keep, and while the defendant in error was in attendance upon the fair. The declaration avers that on the date above mentioned said automobile was delivered to plaintiff in error under an agreement to take, care for and safely keep the same, and upon a consideration paid to it. It was averred that by reason of gross negligence the plaintiff in error claims to have allowed the machine to be stolen from its possession, and for this reason has failed and refused to deliver the machine, notwithstanding they have been repeatedly requested to do so, wherefore he sues. The declaration alleges the damages to be $1000.

To this declaration there was a plea of not guilty, and the case was heard before the court and jury, resulting in a verdict and judgment in favor of the plaintiff below in the sum of $490.

The defendant below, now the plaintiff in error, appealed, and has assigned errors as follows:

"(1) The court erred in permitting Jim Benton to testify on behalf of defendant in error to the effect that the gate-keeper and watchman at the fair grounds stated 'We are responsible for your car and will take care of it.'"

5 T. A.—31.

"This was error, because an agent's authority to bind its principal may not be shown by the agent's declarations."

"(2) The court erred in over-ruling plaintiff in error's mo· tion for a directed verdict, because there was no evidence of negligence on its part shown by the defendant in error."

"(3) The court erred in charging the jury to the effect that this was a bailment under the law for the mutual benefit of both parties, and that the plaintiff in error would be required to exercise reasonable care with respect to the safety of any automobile which was placed there."

"(4) The court erred in failing to charge the jury, at the request of the plaintiff in error, as follows:

"'If you find that the greater weight of the testimony shows that the Fair Association did not undertake to do more than furnish a parking place for plaintiff, in consideration of the fifty cents charge, and that they had up signs to the effect that they would not be responsible for cars or contents, then plaintiff could not recover on account of his car being stolen.'"

The parties will be referred to hereafter as they were styled below.

The first assignment is as to permitting Jim Benton to testify as to what the gatekeeper and watchman at the fair grounds stated to the plaintiff. "We are responsible for your car and will take care of it." By reference to the record, page twenty-one, where we are directed, we find that the watchman was asked: "Will the car be here when we come back?" And the reply of the man was, "we are responsible for your car." It is also stated in plaintiff's testimony that the gatekeeper said: "You go back out there and they will show you where to park, and they will take care of your car." "So I drove out there, and there were two men, and they told me," etc., etc.

With reference to this assignment it is insisted that an agent's authority to bind his principal may not be shown by the agent's acts or declarations. Ordinarily this is true, but under the cir-· cumstances of this case we think there has been something more shown. The fair was in progress. The man at the gate was in charge, receiving tickets and exercising authority to admit all those qualified for entrance, or to deny entrance to those not qualifying themselves with such right. This man stopped the plaintiff at the entrance and, in addition to demanding and receiving the tickets, required him to pay fifty cents extra for the car. The fact that this man claiming such authority was actually at the time occupying without question the place of such necessary authority, and so permitted to act, is proof, we think, under the circumstances, sufficient to establish the prima facie case of this im-

agency, making competent his statements and instructions ..terence to the business as part of the res gestae. And when ne pointed out the man or men who were to further direct them with reference to the reception of this car, and the manner of such reception, with their declarations and actions while engaged in the effectual parking of the car, it is likewise competent as part thereof, establishing a bailment.

Judge Caruthers, in the case of N. & C. Railroad Co. v. Messino, 33 Tenn., 221, also referring to 1st Greenleaf as sustaining it, tersely states the rule as follows:

"Whenever it is admissible to prove what an agent did, it is competent to prove what he said about the act while he is doing it."

It was held, however, that what the engineer said about the accident to his chief half an hour afterwards was not a part of the res gestae, and not, therefore, competent.

Neither do we think the third assignment, with reference to the court's charge that this was a bailment under the law for the mutual benefit of both parties, and that the plaintiff in error would be required to exercise reasonable care with respect to the safety of any automobile which was placed there, was error, as the same, of course, was intended to apply under the circumstances of this case to the plaintiff's automobile.

Neither was the court in error in failing to charge as the law the matter embodied in the specification set out in the fourth assignment, while it may be true that no liability was established if the Fair Association merely undertook to and did not more than furnish a parking place for plaintiff in consideration of the fifty cents charged. He was asked to tell the jury, if it had up signs to the effect that it would not be responsible for cars or contents, then plaintiff could not recover on account of his car being stolen. This request ignored the plaintiff's statement that he had not seen any such sign, and the effect of purchasing parking space and the assurance of the agent, with apparent authority, that they would be responsible for the car, before he left it under such circumstances at the place designated, under the apparent supervision of those in charge of the place.

The case must turn, therefore, upon the question as to whether or not there is any evidence to support the verdict, this issue being made by the second and only remaining assignment, it being insisted that the court should have directed a verdict in favor of the defendant, on its motion seasonably made. It is insisted for appellant, that it appearing from the proof that the car was stolen, there is no evidence to support any conclusion of negligence, which is necessarily involved in the jury's verdict of a liability. It is true that under the authorities cited Tennessee seems to have joined other

jurisdictions in holding that there is no presumption of negligence upon proof merely that a car was stolen, but it does not follow from this that the jury may not have inferred negligence from the facts proven.

In the case of Noel & Co. v. Schuur, 140 Tenn., 245, where the case of Runyan v. Caldwell; 7 Hump. 134 is referred to, in which the rule as to the onus of proof in cases of bailor and bailee is stated, it is said:

"Cases involving loss by fire or theft while the property was in the custody of the bailee or warehouseman are not within the rule," (i. e., that if the property was in good condition when delivered, and was returned in a damaged condition produced by a cause not inherent in the goods themselves, the bailor had made out a prima facie case) "unless there is something other than the mere fact of the fire or theft from which negligence may be inferred."

Under the plaintiff's proof defendant had taken into its possession the plaintiff's car, under an agreement to take care of it, for which it received a compensation. The car did not remain in there a long time. There appears to have been two men on the ground looking after or assuming to look after several hundred cars, and the association seems to have been making money out of the parking privilege, the security it held out no doubt being one of its attractions. Under the circumstances shown, the association having assumed the obligation of caring for the car, we think the jury was authorized to conclude that it was negligent either in adopting means of identifying persons to whom it surrendered cars, or were negligent in the supervision which permitted the car to be stolen. There appeared to be a great number of cars and but few supervisors, with people coming and going evidently in such numbers that the danger of the intervention of a thief might have been anticipated, and which might have been minimized by limiting the exits from the immediate parking place, or adopting some means of more reasonably discharging its obligations. The supervision appears to have been perfunctory, uninterested and inadequate. When the plaintiff came back and asked for his car, they helped him hunt for it, and then told him to tell the police. We think the conduct shows negligence, and the judgment of the lower court is affirmed.

Portrum and Thompson, JJ., concur.