BENJAMIN L. SMITH *v.* A. D. NOE, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

Hu C. Anderson and J. I. Galbraith, for plaintiff in error.

J. T. Rothrock, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The circuit court sustained defendants' demurrer to plaintiff's declaration and dismissed his suit. Plaintiff has appealed in error. The issue is whether the declaration states a cause of action.

The suit is for the value of a trunk and its contents, delivered to the defendants for safe-keeping and not

returned on demand. The liability of the defendants is asserted on the brief of plaintiff upon two grounds; that the trunk was delivered to the defendants as innkeepers by the plaintiff as their guest, so that the defendants were insurers of its safe custody and return; and in the alternative, that the declaration states a contract of bailment and its breach, for which the plaintiff is entitled to damages.

The declaration avers: The defendants are innkeepers, operating the Southern Hotel, in Jackson. Plaintiff, a minister, was engaged to supply a local pulpit until a regular minister should be engaged. Plaintiff, with his wife, occupied a room in the hotel from February to a day in July, receiving and paying for such entertainment and accommodation usually and customarily furnished to the traveling public. In July plaintiff left the hotel, having first arranged with the defendants that his room would be reserved for him upon his return to the hotel in September. Upon his departure the plaintiff, "with the knowledge and consent of the defendants and at their solicitation," left the trunk and its contents "in the care, keeping and possession of the defendants . . . with the understanding and agreement that they were to be kept for him by defendants during his absence and where to be delivered to him upon his return." The defendants maintained a storage room for the purpose of storing the baggage of their patrons who should leave the hotel with the intention of returning within a reasonable time. Plaintiff returned to the hotel in September, as planned, and resumed his occupancy of the room he had vacated in July. He then demanded the return of his trunk, and upon the failure of defendants to return it, demanded its value, which defendants refused to pay.

The declaration contains the further averment, explanatory of the failure of defendants to return the trunk: "but the defendants were unable to find said trunk or the contents thereof, and plaintiff avers that through no fault of his the defendants have lost said trunk and the contents thereof."

By their demurrer defendants contended in the trial court that the declaration fails to show their liability for the loss of the trunk as innkeepers because (1) the length of plaintiff's residence in the hotel characterized his relationship to the defendants as that of a boarder, as distinguished from that of a guest of an inn, with a consequent reduction in the degree of the defendants' responsibility to him (*Meacham* v. *Galloway*, 102 Tenn., 415); and (2) if the relationship of innkeeper and guest ever existed between the parties, it was terminated in July by the departure of the plaintiff and was not existent at the time of the loss. The third ground of the demurrer is expressly grounded upon the fact that the declaration does not aver that the loss of the trunk was caused "by reason of any negligence or misconduct on the part of the defendants."

Plaintiff assigns as error that the trial court should have held that the declaration sufficiently charged the defendants' responsibility as innkeepers; and also specifically assigns as error that the trial court held it essential to the statement of plaintiff's cause of action that negligence or misconduct of the defendants be charged.

In such a case as this it is sometimes difficult to classify the cause of action pleaded as one on the contract or as an action for tort. If the action is one for a tort, the wrong ascribed to the defendant, whether done

wilfully, negligently or resulting from an omission of duty, is the gist of the action and the contract is collateral. If the loss or injury, for which a recovery is sought, is charged to have resulted from some specified want of care, negligence or carelessness of the defendants, the action may be said to be grounded in tort. If the loss is charged to have been the consequence of the defendants' failure to deliver the property according to their undertaking, the action is on the contract. *Baxter and Hicks* v. *Pope,* 19 Tenn. (Meigs), 467, 468; *Angus* v. *Dickerson,* same, p. 459.

In the declaration before us the loss is clearly ascribed to the defendants' failure to deliver the property committed into their care, and the action is on the contract. Whether the contract sued on be the ordinary one of bailment or a contract between an innkeeper and his guest, with the strict rule of liability attaching thereto (*Rains* v. *Maxwell House Co.,* 112 Tenn., 219) is, upon demurrer, a conclusion of law to be made by the court, if necessary. If there is a trial upon the merits, upon issue joined, this question may become a mixed question of law and fact. It is only necessary that the declaration state the facts upon which the action is based. The conclusions to be drawn therefrom are for the court and need not be pleaded.

Treating the contract stated in the declaration as an ordinary contract of bailment, it is a bailment for hire. *Hotels Statler Company* v. *Safier,* 103 Ohio St., 638, 22 A. L. R., 1190; *Birmingham Terminal Company* v. *Thomas,* 207 Ala., 363, 92 So., 803; *Prince* v. *Alabama State Fair,* 106 Ala., 340, 28 L. R. A., 716. This follows from the fact that the property was received by the defendants as an incident to their profit-making business,

and in aid of the intended return of the plaintiff to the hotel with a consequent contingent benefit to the defendants. *Whitemore* v. *Haroldson*, 70 Tenn., 312, does not hold the contrary. The opinion of the court in that case deals only with the correctness of a jury instruction as to the measure of the defendant's liability, upon the *assumption* that the lost property was deposited with the hotel clerk by the departing guest "to be kept without compensation;" and upon that assumption the court held that the bailee would be liable only for a loss caused by his "gross negligence."

The declaration containing averments showing a contract of bailment for hire and its breach by a failure to return the property on demand, stated a cause of action *ex contractu* and was sufficient. Corpus Juris, vol. 6, p. 1156 ("Bailments," sec. 143), states the general rule: "The negligence of the bailee need not be alleged where the ground of action is a breach of contract by the bailee's failure to return the subject matter." To the same effect is the text of Ruling Case Law, vol. 3, p. 151 (Bailments, sec. 74), quoted as authority in *Hotels Statler Company* v. *Safier, supra,* and cited in *Noel & Co.* v. *Schuur,* 140 Tenn., 245, 249, on the question of burden of proof.

"The rule in cases of bailment in this State is that after the bailor has proved the delivery of the goods in good order the duty is upon the bailee to proceed to show the loss or partial loss and the manner in which they were lost. *Runyan* v. *Caldwell*, 7 Humph. (26 Tenn.), 134." *Noel & Co.* v. *Schuur, supra.* Counsel for defendants says this is a rule of evidence and not a rule of pleading. But the same considerations which excuse the bailor from showing the cause of the loss or injury

by evidence should relieve him of the necessity of stating the cause of the loss in his pleading. Plaintiff herein avers that defendants were unable to return his trunk because it had been lost, but no facts are alleged from which it can be inferred that plaintiff had any means of knowing how or in what manner it was lost, and the duty to both plead and prove a *prima-facie* sufficient excuse for the failure to return the property is clearly upon the bailee.

If a plaintiff's declaration shows that the failure to return the subject of a bailment is the result of its destruction by fire, the case is not within the rule stated, since "there is no natural presumption that a fire, the origin of which is unknown, was the result of want of care of the owner or occupant of the premises of its origin." *Railway Company* v. *Manchester Mills*, 88 Tenn., 653, 659. In *Lancaster Mills* v. *Merchants' Cotton-Press Company*, 89 Tenn., 1, 31-32, complainant's bill disclosed a loss by fire and also a valid stipulation for exemption from liability for such loss. The court held that no case was stated against the defendant carrier for its failure to safely carry and deliver without an averment that the fire was the result of negligence. The court said: "The burden of proof, when the loss is thus admitted to have been by fire, is upon the owner to prove negligence, and under plainest rules of pleading the plaintiff ought to allege in his pleading every fact necessary to fix liability." It is fairly to be inferred from the language quoted that if the complainant's bill had not disclosed that the loss was caused by fire, the court would not have cast the duty of pleading negligence on the complainant.

**506**

■ The demurrer to the declaration is insufficient and should have been overruled because the declaration stated a good cause of action on a contract of bailment for hire. It is therefore unnecessary to determine whether the attendant circumstances pleaded constitute the contract one between innkeeper and guest, with the consequent strict rule of liability on the defendants for the loss. That question is one of difficulty. *Meacham* v. *Galloway*, 102 Tenn., 415; *Whitemore* v. *Haroldson*, 70 Tenn., 312; *Tulane Hotel Co.* v. *Holohan*, 112 Tenn., 214; *McClaugherty* v. *Cline*, 128 Tenn., 606; *Hotels Statler Company* v. *Safier, supra*. It can be better determined upon the proof than upon the *ex parte* statement of facts pleaded, and is therefore reserved.

The judgment of the circuit court sustaining the demurrer is reversed and the case remanded. The defendants will pay the costs of the appeal.