# NEWTON CHEVROLET CO. v. CANLE.
## —212 S. W. (2d) 392.

Eastern Section.   April 17, 1948.

Petition for Certiorari denied by Supreme Court, June 12, 1948.

68

Chambliss, Chambliss & Brown, of Chattanooga, for plaintiff in error.

Charles A. Noone, of Chattanooga, for defendant in error.

McAMIS, J.  This is an action to recover the value of an automobile with contents which disappeared in a manner not explained after the automobile had been left overnight at the garage of Newton Chevrolet Company for the purpose of having it washed and greased.  The jury found for the plaintiff.  Defendant's motion for a new trial was overruled, judgment was entered on the verdict and the present appeal in error resulted.  The assignments present the single insistence that the evidence was not sufficient to take the case to the jury.

It seems to be agreed that the relationship between the parties was that of bailor and bailee and, the bailment being for the mutual benefit of the parties, that the rule of ordinary care controls.

The declaration charges that the ''loss or theft'' of the automobile and other personal property was caused by one or more of the several acts of negligence set forth in the declaration, some one of which singly, or more than one of which combined, were the proximate cause of the loss.  The specific acts of negligence charged are that the defendant negligently failed to guard the premises prop-

erly; failed to keep the premises locked; failed to remove the ignition key thereby making theft easier; failed to have in force a system of giving a receipt or check to the person leaving an automobile and requiring production of such receipt or check before delivering the automobile; kept in its employ careless, negligent or dishonest employees; or "that the defendant carelessly and negligently, in some other manner unknown to the plaintiff, failed to properly safeguard his property and to redeliver the same to him as and when contracted and agreed."

We think it is a fair construction of the declaration that the cause of action is grounded upon negligence rather than upon a breach of contract to redeliver the property. However, we do not construe it as charging that the loss occurred as the result of any one of the specific acts of negligence charged. The charge is that the loss occurred as the result of some one of the acts mentioned or more than one of them combined or "in some other manner unknown to the plaintiff." It is not to be implied that plaintiff had any knowledge of how the loss occurred or that he based his action upon any known act of negligence. The implication is to the contrary. For this reason we think when the bailor showed delivery of the automobile and contents and that return of property had not been made upon demand, it became the duty of the bailee to establish by proof from which a legitimate inference could be drawn a reasonable excuse for its failure to return the property or that it was guilty of no negligence in the handling of the property.

In Runyan v. Caldwell, 26 Tenn. 134, the action was one for the value of a slave based upon the negligence of the bailee in handling resulting, it was claimed, in failure

to return the slave to the bailor. Mr. Justice Green, the author of the opinion, sums up the holding of the Court thus: "We think, therefore, that it is the settled law, that in a bailment for hire the onus probandi of negligence is upon the bailor. After the bailor has proved the contract and delivery of the goods, the burden of proof is upon the bailee to show their loss, and the manner they were lost, and this throws the burden of negligence upon the bailor."

In Noel & Co. v. Schuur, 140 Tenn. 245, 204 S. W. 632, 633, Runyan v. Caldwell, supra, is cited and the rule of that case reaffirmed as follows: "The rule in cases of bailments in this state is that after the bailor has proved the delivery of the goods in good order the duty is upon the bailee to proceed to show the loss or partial loss and the manner in which they were lost." It does not appear from the opinion whether the cause of action was based upon a breach of contract or upon negligence and the issue of liability was finally resolved under the provisions of the Uniform Warehouseman Act, Chapter 336, Acts of 1909, governing storage of perishable goods. However, we think it is significant that the opinion cites and discusses with seeming approval Holt Ice & Cold Storage Company v. Arthur Jordan Co., 25 Ind. App. 314, 57 N. E. 575, 580, holding that when the bailor shows that the property was in good condition when delivered and was returned in a damaged condition, produced by a cause not inherent in the goods themselves, a prima facie case is made out and the burden is then on the bailee "to account for the injury to the goods in some manner consistent with the exercise of ordinary care."

Both Runyan v. Caldwell and Noel & Co. v. Schuur were cited in Smith v. Noe, 159 Tenn. 498, 19 S. W. (2d) 245,

247, and the rule of the Runyan case again reaffirmed. That was a case based upon an innkeeper's contract of bailment involving the guest's baggage. The Court, speaking through Mr. Justice Swiggart, significantly said: ". . . the same considerations which excuse the bailor from showing the cause of the loss or injury by evidence should relieve him of the necessity of stating the cause of the loss in his pleading. Plaintiff herein avers that defendants were unable to return his trunk because it had been lost, but no facts are alleged from which it can be inferred that plaintiff had any means of knowing how or in what manner it was lost, and the duty to both plead and prove a prima facie sufficient excuse for the failure to return the property is clearly upon the bailee."

We do not think the force of this reasoning any the less in an action based upon negligence unless the bailor indicates in his pleading a specific negligent act apparently known to, and definitely claimed by, the bailor as the manner and proximate cause of the loss.

The holding of these cases on the duty of the bailee to go forward with the evidence was followed by Peerless Dry Cleaning v. Carmack, 8 Tenn. App. 103, approving what is there referred to as the modern rule that proof of delivery and failure to return upon demand without more makes out a prima facie case of liability, the law presuming negligence as the cause of the damage or loss, and the burden being upon the bailee to prove that the loss or damage is due to other causes consistent with due care on his part. Certiorari was denied by the Supreme Court June 16, 1928.

While in the later case of Farrell-Calhoun v. Union Chevrolet Co., 21 Tenn. App. 554, 113 S. W. (2d) 419, 420,

the opinion cites 6 Am. Jur., Bailments, Section 368, where it is said, in part, that if. the bailor makes negligence a factor in the case the rule applies that the party seeking recovery must prove each essential element of his cause of action, the opinion goes no further than holding that the "ultimate burden" of proving negligence is upon the bailor when "it is conceded, or . . . the evidence tends to show, with reasonable certainty," a theft of the property while in the possession of the bailee. We do not think that case is to be taken as holding that the burden rests at the outset upon the bailor to show the loss and the manner of loss but that, consistent with Runyan v. Caldwell, only "the ultimate burden" of showing negligence in the manner of loss after that has been made to appear by the bailee falls upon the bailor.

We think the rule of Runyan v. Caldwell, supra, and other cases cited still obtains in this State and we consider it a sound and just rule. Ordinarily, the bailor has no knowledge of how the goods were lost. This is generally a matter peculiarly with in the knowledge of the bailee. To require the bailor not only to show the loss by the bailee and the manner in which the goods were lost but also initially to show negligence would prove an insurmountable barrier in many cases. It is not easy to see how the bailor could establish negligence in the handling of the goods until he knows how they were lost.

The present case offers a fair example of the confusion that would result from a contrary holding. If the automobile was lost by reason of the bailee's failure to issue checks and require their production before surrendering possession of the automobile only evidence of negligence on that particular charge would be relevant. Evidence

that some of the bailee's employees were dishonest would be wholly irrelevant and immaterial, as would also evidence that the bailee failed to properly guard the building at night. The declaration, as noted, does not indicate knowledge on the part of the bailor as to how the loss occurred. The reference is to "loss or theft" of the automobile and we do not think sound practice would require the bailor to come forward with catch-all proof that no matter how the loss occurred it was due to the negligence of the bailee. The bailor should not be compelled in such manner to erect straw men only to destroy them immediately when the bailee has, or should have within his ability to produce, evidence of just what occurred and how it occurred or, at least, evidence with which to begin the unraveling process and from which legitimate inferences may be drawn. We think it is the bailee's duty to produce such evidence, and if he fails to do so the bailor, having shown delivery and failure to return upon demand and not having indicated in his pleading any knowledge of the manner of handling or loss, should prevail. The bailee has not discharged the duty resting upon him as long as the manner of loss and whether or not due to his negligence remains a matter of speculation. Doubtless it was upon such pragmatic considerations as we have attempted to discuss that the Supreme Court, in Runyan v. Caldwell, rejected the rule of some of the earlier cases placing the entire burden upon the bailor not only of showing the loss but also the manner of loss and negligence.

We do not think Fields v. Gordon, Tenn. App., 203 S. W. (2d) 934, cited in the briefs, requires a conclusion different from the one indicated. That case involved a loss by fire and as was said in Smith v. Noe, supra, 159

Tenn. at page 505, 19 S. W. (2d) 245, such cases do not generally fall within the rule as to burden of proof and the shifting of that burden here under consideration. Any expressions of the author of the able opinion in Fields v. Gordon must be understood as applying to the case under consideration.

██ In this case the bailee introduced only a single witness. He frankly admits that he cannot explain the disappearance of the automobile. The facts revealed by his testimony are as consistent with loss due to negligence in failing to remove the switch key or failing to properly identify owners of automobiles left at the garage as with the hypothesis of theft not due to the negligence of the bailee. We therefore conclude that the case was properly submitted to the jury.

Affirmed with costs.

Howard and Goodman, JJ., concur.